## Kellyville Coal Co. v. James Hill.

1. MINES AND MINERS—*Willful Failure to Have the Mine Examined.*—If the operator of a coal mine employs an examiner holding a certificate from the State Board of Examiners authorizing him to act as such, and the examination of the mine is made at the time required by law, it will constitute a compliance, so far as the operator is concerned, with the provisions of Section 4, Chapter 93, 2d Starr & Curtis' Annotated Statutes, 2719.

**Action in Case,** for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

D. D. EVANS and G. M. McDOWELL, attorneys for appellant.

MABIN & CLARK, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellee brought suit to recover damages for injuries caused by the falling of a large loose rock upon him from the roof of appellant's coal mine where he was working. The negligence charged in the declaration was a willful failure to have the mine examined by a duly authorized agent

to determine whether there were any dangerous conditions therein, as required by Section 4, Chapter 93, 2d Starr & Curtis' Annotated Statutes, 2719, and willfully permitting appellee to enter the mine before the conditions were reported.

A trial was had upon a plea of general issue, which resulted in a verdict and judgment in favor of appellee for $5,000.

The chief contention on which a reversal of the judgment is urged is that appellee failed to prove a willful failure to comply with the statute. James Maggs, the mine examiner, testified that on the morning of the day on which appellee was injured he made an examination of the mine; that he made a thorough inspection of the entry where appellee was injured, testing the roof with a sounding rod; that he found there a loose rock, which he marked; that he found nothing wrong elsewhere in the entry, and that he delivered a report of his examination to the cager at the foot of the shaft at seven o'clock in the morning. He further testified that later, about 8:30 o'clock that morning (shortly before appellee was injured) while passing through the mine to take up timber orders, he again sounded the roof where appellee was working and found nothing wrong.

If the testimony of Maggs is true, there was no such violation of the statute as is charged in the declaration. No witness denied that he made an examination of the mine at the time testified to by him. None denied that he made an inspection and sounding of the particular entry where appellee met his injury a few hours afterward.

It is contended that his testimony is untrue, because a witness named William Youhoe testified that on the day before the accident he examined the roof at the point of the accident and found a large loose rock, which was the one that fell on appellee. It does not necessarily follow that because Youhoe discovered the loose rock the day before that Maggs made no inspection of the entry.

In testing the roof of a mine with a rod, the inspector must determine from the sound whether any part of it is

loose and dangerous. If it sounds firm and solid, he determines that it is safe; if it sounds hollow, he determines that it is loose, and marks it. If his hearing is not sufficiently acute to detect a loose place, which afterward falls and causes injury, the operator certainly should not be held liable upon the ground that he had willfully failed to comply with the statute. The statute does not provide how nor to what extent the examination shall be made. If the operator employs an examiner, holding a certificate authorizing him to act as such, and the examination is made at the time required, that, in our opinion, would constitute a compliance so far as the operator is concerned. At all events, a mere mistake of the examiner or a failure on his part to detect a defective place in the roof should not constitute a willful neglect of the operators within the meaning of the statute.

Maggs is corroborated by the witness James Courtney, a miner who was working with appellee as a partner. Courtney testified that he saw the chalk mark which had been made by Maggs on the loose rock as soon as he entered the room, and that it was not there the night before. He also made an examination of the roof on his own account, and finding the chalked place, pulled it down.

The verdict of the jury can be justified upon no other theory than that Maggs swore falsely upon the subject of making an examination. A careful examination of the evidence in the record has satisfied us that he did make it. He held a certificate of competency from the State Board of Examiners and, as already intimated, appellant performed the statutory requirement when it had the examination made by him. With this view, we feel that the verdict is unjust and the court below should have granted a new trial.

The judgment will be reversed and the cause remanded.