## Himrod Coal Co. v. Mary Schroath.

1. MINES—*Liability of Owners and Operators Under the Statute.*— The owner or operator of a coal mine can not be held liable for an injury to an employe, under section 4 of the miners' act, unless such owner or operator has been guilty of willfully failing to have the mine examined by a competent and authorized agent, or willfully permits employes to enter the mine before such examination has been made and reported.

2. SAME—*Examinations by Competent Authorized Agents.*—Where the operator of a coal mine, before permitting persons to enter such mine, causes it to be examined by a competent and duly authorized agent who in good faith makes such examination to ascertain if there are any dangerous conditions which render it unsafe for men to work therein and reports the mine to be in a safe condition when in fact it is not, such operator ought not to be held liable to the widow of a person killed by such dangerous conditions.

3. SAME—*Construction of the Statute.*—The miners' act does not give a widow of a person killed in a mine a right of action against the operator for mere negligence, but only for willful negligence.

Trespass on the Case, by the widow of a person killed in a coal mine. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed September 11, 1900.

EVANS & McDOWELL, attorneys for appellant.

MABIN & CLARK, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case by appellee as the widow of Chris. Schroath, deceased, against appellant, as the owner and operator of a coal mine in Vermilion county, Illinois, to recover damages for the death of her husband caused by a rock falling upon him from the roof of an entry of appellant's mine where he was working; appellee claiming that the death of her husband resulted from the willful negligence of appellant.

The negligence charged in the declaration is that appellant willfully failed to have its mine examined by a duly authorized agent to determine whether there were any dangerous conditions therein, as required by section 4, chapter 92, 2d Starr and Curtis' Ill. Statutes, 2719; and that appellant willfully permitted appellee's husband to enter the mine before the conditions therein were reported to be safe for the men to begin work, contrary to the provisions of said section.

To the declaration appellant pleaded " not guilty," and a trial was had in the Circuit Court of Vermilion County, resulting in a verdict and judgment in favor of appellee for $5,000. Appellant brings the case to this court by appeal, and urges a reversal of the judgment upon the ground (among others) that the evidence does not support the claim of negligence charged in the declaration, or any such negligence which would entitle appellee as the widow of her deceased husband, to maintain this action under the provisions of section 14 of the miners' act.

The evidence shows that Chris. Schroath on and before May 25, 1899, was employed by appellant as a mine runner in the first entry south of the southeast entry of its mine. The roof of that entry not being propped, a rock fell therefrom upon him on the morning of May 25, 1899, while he was running a mine machine in that entry, and so badly injured him that in a few days thereafter he died from the effects thereof, leaving appellee as his widow, whom he supported when alive.

Appellant employed A. F. Biggs as its mine examiner, a

capable man, who had worked in that mine six or seven
years. On May 24, 1899, he examined the mine and found
the roof of the entry in question, free from any loose rock.
On the morning of May 25, 1899, he again examined the
mine, and between the hours of twelve and one o'clock that
morning found this entry in a safe condition for men to
work in, the roof being then free from any loose rock dis-
coverable by a test which he then made, by sounding it
with a steel or iron rod.

On the morning of May 25, 1899, before the men were
permitted to enter the mine, Biggs made a report that he
had so examined the mine, and that it was free from dan-
gerous conditions. Entries to that effect were then made
in a book kept for that purpose, and which was accessible
to the men before they commenced going into the mine that
morning. There was some testimony offered by appellee
tending to show that the roof of the entry where Chris.
Schroath worked and was injured, had had some loose rock
in it for several days prior to the morning he was injured,
and that the "pit boss" of appellant was informed thereof;
but appellant's pit boss swears, as a witness for appellant,
that no such loose rocks were there at that time as claimed;
that he was never informed that there were any there; and
that the roof appeared to be safe without being propped.
The pit boss is corroborated by appellant's mine manager
and the entry in the mine examiner's book.

The provisions of section 4 of the miners' act, which the
declaration in this case charged appellant with willfully
violating and willfully failing to comply with, is as follows:

"All mines in which men are employed shall be examined
every morning by a duly authorized agent of the proprietor,
to determine whether there are any dangerous accumula-
tions of gas, or lack of proper ventilation, or obstructions
to roadways, or any other dangerous conditions, and no
person shall be allowed to enter the mine until such exam-
iner shall have reported all of the conditions safe for begin-
ning work. Such examiner shall make a daily record of
the condition of the mine in a book kept for that purpose,
which shall be accessible at all times for examination by

·the men employed in and about the mine and by the inspector."

And the provisions of section 14 of that act, which alone gives the widow of a person who loses his life in a coal mine a right of action against the operator thereof, is as follows:

"For any injury to person or property occasioned by any willful violations of this act or willful failure to comply with any of its provisions, a right of action shall accrue to the party injured for any direct damages sustained thereby; and in case of loss of life by reason of such willful violation or willful failure, as aforesaid, a right of action shall accrue to the widow of the person so killed, * * * for a like recovery of damages for the injuries sustained by reason of such loss of life." * * *

As there is no controversy but that appellant in good faith had caused its duly authorized examiner to make and report an examination of its mine on and before the morning of the day in question, in accordance with the said requirements of said section 4, we feel compelled to hold that appellee failed to prove that appellant was guilty of willfully failing to have its mine examined, or that it willfully permitted the husband of appellee to enter the mine that morning before such examination had been made and reported, so as to entitle her, as the widow of Chris. Schroath, to a verdict and judgment against appellant under the provisions of said section 14, for the reason that widows of persons who are killed, are by the provisions of that section, given such right of action only where there has been a willful violation of, or a willful failure to comply with some of the provisions of the miners' act. The courts of this State have construed that the word " willful " in that section, means a violation of the act or failure to comply with any of its provisions committed " knowingly and deliberately." Carlett v. Young, 143 Ill. 74, and Odin Coal Co. v. Denman, 185 Ill. 413. And in this State, where the operator of a coal mine, before permitting any persons to enter the mine, causes it to be daily examined by a competent and duly authorized agent, who in good faith makes such examination, to ascer-

tain if there are any dangerous conditions there which render it unsafe for men to begin work therein, and after such examination fails to find there are such dangerous conditions, and reports the mine to be in a safe condition, when in fact it is not, in that case, such operator ought not to be held liable to the widow of a person killed by such dangerous condition, in an action in her name, for the reason that said section 14 only authorizes her to maintain such action where the act has been willfully violated or its provisions willfully not complied with. And in such a case it could not be said that the operator had knowingly and deliberately failed to have the mine examined, or had willfully permitted the men to enter the mine before the same had been reported in a safe condition to begin work. The statute does not give such widow a right of action against the operator for mere negligence, but only for willful negligence. Kelleyville Coal Co. v. Hill, 87 Ill. App. 424; Missouri and Illinois Coal Co. v. Schwalb, 74 Ill. App. 567; and Girard Coal Co. v. Wiggins, 52 Ill. App. 69. Had this been a suit in which the personal representatives of Chris. Schroath were claiming damages from appellant for causing his death by reason of such mere negligence as might render it liable to them therefor, a very different question would be presented; but under the declaration in this case, and the evidence in this record, we are compelled to reverse the judgment of the Circuit Court herein, because the verdict upon which it is rendered, is not supported by the evidence under the claim of the widow of Chris. Schroath, deceased.

Therefore, we reverse said judgment and remand the case to that court for such further proceedings as to law and justice appertain. Reversed and remanded.