## Mt. Olive and Staunton Coal Co. v. Henry Herbeck.

92   441
p92   443
92   441
s 190s   39

1. MINES AND MINING—*Laws for the Protection of Miners Not to be Set at Naught by Agreements.*—It is not within the legal power of a mine owner and his miners, by agreements, to set at naught statutory requirements enacted for the purpose of protecting the lives and limbs of men engaged in mining coal.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900.

CHARLES W. THOMAS, attorney for appellant.

LANE & COOPER, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $1,500, recovered by appellee in a suit against appellant for injuries sustained while working in appellant's coal mine. The negligence charged against appellant was failure to supply timbers for props, whereby the roof of an entry, which appellee and others were "driving," fell upon appellee and broke his leg.

The evidence in the record shows that appellee, his son, and one John Rademacher, were working together in appellant's coal mine at Staunton, "driving" the east entry of the mine. There was some conflict in the testimony as to the terms of the contract under which they were working, but in the view taken by us of the case, that is not material.

On the morning of the 15th of July, 1898, while the three men were engaged in loading coal which had been "shot" the evening before, a large piece of slate became detached from the roof and fell, instantly killing Rademacher and breaking one of appellee's legs. There were no props in the entry, although the car driver had, on the 13th and 14th, been called upon for props by both Rade-

macher and Herbeck. The car driver testified that he called upon the pit-boss for props for the entry, but was told by him that there were none. The evidence satisfies us that appellant neglected to supply the timbers after being requested to do so.

There was a willful failure to comply with the statute, a failure that resulted in the injury to appellee complained of. Appellant seeks to avoid the force of the statute by a supposed contract in which it is claimed that appellee, in consideration of extra wages, waived the right to demand props. The only testimony tending to support such an agreement is that of the pit-boss, and he is contradicted by appellee and his son. The testimony of the pit-boss does not go to the extent contended for in the printed argument of appellant's counsel. Nor do we believe that it is within the legal power of a mine owner and his miner, by agreement, to set at naught this plain statutory requirement, enacted, as it was, for the purpose of protecting the lives and limbs of men engaged in this most hazardous employment.

Appellant has no just ground to complain of instructions. Those given for appellee are correct, while all those given for appellant go beyond what is justified by the law. Judgment affirmed.