# CASES

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1900.

## The Himrod Coal Co. v. George Adack et al.

1. MINES AND MINING—*Risks of the Employment, When Not Assumed by the Miner.*—In an action given by the statute relating to mines and miners (Hurd's R. S., 1899, 1174, § 33) for injuries inflicted or death produced by the willful violation of, or the willful failure to comply with its positive requirements, it is no defense to show that the person injured or killed by reason of such violation or failure, was himself negligent and thereby contributed to such injury or death, or that with full knowledge of the increased hazards caused thereby, he continued in the service and assumed the risks of it. '

2. ADMISSIONS—*Of a Person After His Dismissal as a Party to the Suit.*—Admissions or statements of a party to a suit concerning material facts in issue are competent as evidence if made while he is party to the suit, but if made after the suit is dismissed as to him, such admissions and statements are no longer competent except by way of impeaching him as a witness.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

EVANS & MCDOWELL, attorneys for appellant.

G. B. LEONARD, attorney for appellees; KEESLAR & ACTON, of counsel.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

George Adack, Anna Scher, Edwina Scher and Ada Scher brought an action on the case in the Circuit Court of Vermilion County against the Himrod Coal Company to recover damages to their means of support by reason of the death of Antone Adack, alleged to have been caused by the willful negligence of the coal company while he was in its service as a coal miner.

On the trial of the case by a jury, George Adack was dismissed from it, and a verdict and judgment were rendered in favor of the remaining three for $800 damages and costs.

The coal company bring the case to this court by appeal and urge a reversal of the judgment on the grounds that the verdict is not supported by the evidence; the court admitted improper and excluded proper evidence and gave improper and refused proper instructions.

There are three counts of the amended declaration to which a plea of not guilty was interposed and the trial was upon the issues presented thereby.

Each count avers that appellant willfully violated the provisions of our statute relative to mines and miners. Ch. 93, Hurd's Revised Statutes of 1899.

The first count avers that on August 15, 1899, appellant was operating a coal mine in Vermilion county, Illinois, and then had in its employ Antone Adack, who was mining coal in room number nine of the mine; that appellant willfully failed to provide in said roof a sufficient amount of air and cause it to be kept in circulation and forced to the face of the coal in the room, and willfully permitted the room to become and remain filled with standing powder smoke and impure gases; that Antone Adack, while mining coal that day in said room, was stifled by powder smoke and impure gases, and his powers of perception were impaired so that he was unable to perceive a stone in the roof of the room which had become loose, and that while he was so affected, the stone fell upon and killed him; that Antone Adack left surviving him, George Adack, a

brother, and Anna, Edwina and Ada Scher, cousins, dependent upon him for support.

The second count avers that appellant willfully neglected to have its mine examined by a duly authorized agent on the morning of August 15, 1899, and willfully permitted Antone Adack to enter same before any examination was made, and that he was killed by reason of the dangerous conditions existing in room number nine, where he was at work as a miner.

The third count avers that prior to August 15, 1899, Antone Adack had requested props, timbers and cap-pieces, and that appellant willfully neglected to keep a supply constantly on hand and deliver them to him as needed to keep the roof of the room in the mine where he worked, safe from loose stones liable to fall while he worked therein; and that by reason of which willful failure a large stone fell upon and killed him that day while he was mining coal in said room.

The plaintiffs produced a number of witnesses who testified, in effect, that appellant was operating the coal mine, and had in his employ Antone Adack, who was killed by a large stone called a "horse-back," which fell from the roof of room nine in the mine, about 2:15 o'clock in the afternoon of August 15, 1899, while he was mining coal therein; that the room in which Antone Adack worked had powder smoke in it during the forenoon of August 15, 1899, and up to within an hour of time he was killed; that neither the mine, nor room nine, had been examined that morning, nor for several days before; that there was not furnished in or near said room on that day a supply of timbers of sufficient length for cap-pieces and props to make the roof of the room safe from loose stone; and that Anna, Edwina and Ada Scher were cousins of, lived with, and were supported largely by Antone Adack.

Appellant produced several witnesses who testified that the mine was examined as provided by law, and the room in question was free of powder smoke and impure gases, and that timbers for props and cap-pieces of sufficient lengths

were in the room during the 15th of August, 1899, prior to the stone falling upon deceased.

Over the objections of appellant, the court permitted plaintiffs to show by their witness Fisher, that shortly after eight o'clock on the morning of the day that deceased was killed, the witness told the "pit boss" of appellant's mine, "he had better go over there (room nine), that fellow (deceased) will get killed there," which it is claimed was improper testimony.

It was incumbent upon plaintiffs, in order to maintain their action, to show that the "pit boss," or agent in charge of the mine, knew the conditions in room nine were dangerous (in the respects claimed in the declaration) before and at the time the rock fell upon deceased as alleged, and this testimony was proper as tending to show such knowledge.

Appellant offered to show that the "pit-boss" and the county mine inspector both told Antone Adack that day (before the rock fell upon him) that there was a loose rock in the roof of the room where he was working and he should prop it so it could not fall; but the court refused to admit the proffered testimony, and appellant took an exception.

It is contended that the offered evidence should have been admitted for the purpose of meeting the effect of what Fisher had stated that he told the pit-boss, and also to show such knowledge of the conditions in that room by the deceased in ample time for him to have avoided them, and, in connection with the fact that he voluntarily remained at work in the room after such knowledge until he was killed on account thereof, constituted a good defense to the action upon the grounds that it would be presumed that the deceased had assumed the danger incident thereto.

The court properly refused to admit this proffered testimony, because in this kind of an action, given by the statute expressly for injuries inflicted or death produced by the willful violation of, or the willful failure to comply with the positive requirements thereof, it is no defense to show that the persons injured or killed by reason of such violation or failure were themselves negligent and thereby contributed

to such injury or death; or that with full knowledge of the increased hazards caused thereby, they continued in the service and assumed the risks thereof.   Carterville Coal Co. v. Abbott, 181 Ill. 495, and Consolidated Coal Co. v. Bokamp, Ibid. 19.

In the Carterville Coal Co. case, *supra*, at page 498, defendant's instruction number 1, which was refused, is given as follows :

" The jury are instructed that an employer is not required to exercise any greater degree of care for the preservation and safety of his employe than the employe exercises on his own behalf and that all risk knowingly assumed by the employe is incident to the service that he enters, and is supposed by him to be voluntarily assumed, and to form a portion of the consideration for the wages which he charges for his services."

That case, like the one at bar, involves a charge of willful failure to comply with the positive requirements of the provisions of the mines and miners' act.   And the refusal of that instruction by the trial court was sustained.

Appellant also offered in evidence a written and signed statement made by George Adack before the coroner's inquest held upon the dead body of Antone Adack, and which was at variance with some of the testimony given by him as a witness for plaintiffs in this case, whereupon, on motion of counsel for plaintiffs, George Adack was dismissed by the court as a plaintiff, and then an objection was made to receiving the written statement as evidence, and the court sustained the objection.   This ruling of the court is claimed to be erroneous.

The record shows that at the time the written statement was offered, George Adack was still on the witness stand and being cross-examined by counsel for appellant; and being then a party to the suit, his admissions or statements concerning material facts in issue, were then competent evidence; but after he was dismissed as a party, the written statement was no longer competent evidence except by way of impeaching him as a witness, and the record fails to show that counsel for appellant laid any proper founda-

tion for admitting it for that purpose, and therefore it was properly excluded.

The evidence has all been carefully examined and considered, and we are pursuaded that it supports the verdict.

The instructions given fairly state the law applicable to the issues tried and evidence heard, and those refused were not so applicable, and, on that account, were properly refused.

Finding no prejudicial errors have intervened either in the proceedings or judgment of the Circuit Court, we will affirm the latter.    Affirmed.