## Kellyville Coal Co. v. James Hill.

1.  CONTINUANCE—*Sufficiency of the Affidavit.*—In an affidavit for a continuance on the ground of an absent witness, it is not necessary to state that the witness was not absent by the consent or procurement of the party applying for the continuance.

2.  SAME—*What Meets the Requirements of the Statute.*—An affidavit showing the absence of a material witness; the facts expected to be shown by him (which are material); due diligence on the part of the party applying, to procure his attendance; his inability to show so fully the same facts by any other person; that the absent witness resided in Vermilion county but was temporarily absent; that he had testified at a former trial and given important testimony, and that he could reasonably be expected to be produced or his deposition taken if the case was continued to a future time, is sufficient, under the requirements of the practice act, to entitle the applicant to a continuance.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded. Opinion filed February 28, 1901.

OPINION PER CURIAM.

This case was before us at a former term, and we then reversed a judgment of the Circuit Court in favor of appellee and remanded it for a new trial on the ground that we

were not satisfied from the evidence in the record, that it sufficiently appeared that appellant had willfully violated or willfully failed to observe the requirement of the miners act in the respect charged by appellee in his declaration. 87 Ill. App. 424.

The case having been again tried by jury, resulted in a verdict and judgment for appellee as before, and appellant brings it to this court again by appeal, and seeks to reverse the judgment last rendered upon the ground, among others, that the court improperly overruled its motion for a continuance.

The record discloses that when this case was called for trial on June 25, 1900, and before the same was commenced, appellant moved for a continuance, supporting same with an affidavit of one of its attorneys in charge of the case, but the court overruled the motion, and directed the trial to proceed, to which rulings appellant preserved an exception.

The affidavit is in all respects formal, and sets up as a reason why appellant can not then proceed with the trial, that one Jacob Maggs, a material witness for it, is absent; that it expects to prove by him that (here follow in detail, facts which this court held to be a valid defense to the action when the case was before it on the prior appeal); that Jacob Maggs resided at Westville in Vermilion county, Illinois, but on May 17th or 18th, 1900, he left there and went to Virden to visit some friends for a short time, and then expected to go to Springfield, Illinois, and get employment in a coal mine in that vicinity; that the agents and attorneys of appellant had, a short time after Maggs left home as aforesaid, inquired of his wife, who was still in Westville, where her husband then was, but she answered that she did not know, but would inform them as soon as she ascertained; that on June 13, 1900, his wife wrote to the said attorneys of appellant that " we have not heard from Mr. Maggs yet, but as soon as we hear from him, we will let you know." (Her letter being attached as as an exhibit.)

That on May 22, 1900, defendant's said attorneys, in

response to an inquiry made by them to one P. W. Alvoyd, of Westville, Illinois, a personal friend of Maggs, received a letter from him informing them that he " did not know where Mr. Jacob Maggs is at the present time; I saw him in Virden, Illinois, on Thursday last and he told me he had got a position in Springfield. But he was visiting friends there, so I don't know whether he is in Springfield yet or Virden." (Attaching the letter as an exhibit.)

That said attorneys wrote to one Charles F. Hickox, manager of the Springfield Coal Association, at Springfield, Illinois, inquiring for Jacob Maggs, and he on June 13, 1900, answered he did not know where he was, but informed them that he had referred their letter of inquiry to the president of the miners' union of the Springfield district, with the request that he investigate and ascertain, if he could, and report to them, but that said attorneys had not yet received any information from that source of Maggs' whereabouts.

That said attorneys wrote to Jacob Maggs, May 21, 1900, addressing him at Springfield, Illinois (inclosing an addressed and stamped envelope for reply), in which they requested him to answer them as to where he was, and that said letter was returned to them June 23, 1900, uncalled for. (The letter and envelope in which it was inclosed, etc., were attached as an exhibit.)

That appellant, on June 13, 1900, caused to be issued out of the Circuit Court of Vermilion County, a subpœna in this case for Jacob Maggs to attend the Circuit Court of said county, as a witness for appellant, on June 25, 1900, and also another subpœna of like tenor, date and effect, one of which was issued to the sheriff of said Vermilion county, and the other to the sheriff of Sangamon county, Illinois, to serve, both of which subpœnas have been returned by said sheriffs, respectively, not served, because said Jacob Maggs could not be found.

That Jacob Maggs has not yet returned to his home in Westville, and neither the agents nor said attorneys of appellant know where he is, but they expect to have him as

a witness in this case at the next term of this court, or have his deposition; that appellant has no other witness by whom it can so fully prove the facts sought to be proven by Maggs, and that there will be a conflict in the evidence upon those facts in the trial of the case; and that this application is not made for delay but that justice may be done.

It is contended by counsel for appellee that the affidavit is not sufficient, because it does not show that Maggs is not absent by the consent or procurement of appellant, nor does it show sufficient diligence.

But in that we can not concur, because the court knew that Maggs was a witness on the former trial of the case, and had then given material testimony for appellant; and it appearing by this affidavit that after it was discovered he was not at his home in Vermilion county, the attorneys of appellant received information where he had gone and for what purpose, the efforts made by them to procure his attendance at the time the case was called for trial, as disclosed by the affidavit, were such as a reasonable person would make for the purpose of getting him subpœnaed in time for the trial on June 25, 1900. Therefore, the affidavit did show proper diligence. As Maggs had not been present in court, and departed before he was called as a witness, it was not necessary that the affidavit should state that he was not absent by the consent or procurement of appellant, as it might have been had such been the case. North Chicago City Ry. Co. v. Gastka, 128 Ill. 613.

The affidavit, showing as it did the absence of a material witness; the facts expected to be shown by him (which were material); due diligence on the part of appellant to procure his attendance; its inability to show so fully those facts by any other witness; that the absent witness resided in Vermilion county and was only temporarily absent; that he had testified at a former trial and given important testimony in the case, and such absent witness could reasonably be expected to be produced, or his deposition taken if the case was continued to a future time, meets all the requirements of section 42, chapter 110, of our practice act, and therefore

entitled appellant to have its motion to continue allowed. Adams v. Colton, 2 Scammon, 71.

Appellant is entitled to have a reasonable opportunity to procure important and material evidence in its behalf when the case is tried, and the court, upon the showing made, should have granted the continuance, and committed prejudicial error against appellant by refusing to do so.

We will not discuss the other errors assigned in this case, because we deem it unnecessary, as the judgment must be reversed and the case remanded for another trial for the error indicated, and no benefit will likely be derived from our passing upon them.

For the error indicated, the judgment appealed from is reversed and the case remanded to the Circuit Court for a new trial.