## Donk Brothers Coal & Coke Company v. Stan Lucas.

1. MINER'S ACT—*mine operator liable for wilful acts of mine manager.* A mine manager is the servant of the operator and not of the state; the operator or owner is liable for his wilful failure to perform the duties prescribed by statute.

Action on the case for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed March 22, 1906.

L. D. TURNER and WARNOCK, WILLIAMSON & BURROUGHS, for appellant.

SCHAEFER & FARMER and THOMAS R. MOULD, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case in the Circuit Court of St. Clair County, by appellee against appellant, to recover for a personal injury sustained by appellee while engaged in the service of appellant as a coal miner in appellant's coal mine. Trial by jury. Verdict in favor of appellee for $14,000. *Remittitur* of $6,000 filed by appellee. Judgment on the verdict for $8,000.

The declaration upon which the case was tried charges that appellant wilfully failed to deliver to appellee props of sufficient length and dimensions with which to prop his room. The suit is based upon the following provisions of the Mines and Miner's Act: "Sec. 16 (a). The mine manager shall * * * always provide a sufficient supply of props, caps and timber delivered on the miner's cars at the usual place when demanded, as nearly as possible, in suitable lengths and dimensions for the securing of the roof by the miners, and it shall be the duty of the miner to properly prop and secure his place with materials provided therefor." "Sec. 33. * * * For any injury to person or property, occasioned by any wilful violation of this act,

62     APPELLATE COURTS OF ILLINOIS.

VOL. 127.]     Donk Bros. Coal & Coke Co. v. Lucas.

or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby." To the declaration appellant pleaded the general issue.

The principal question involved in this appeal is disclosed in the following propositions contended for by counsel for appellant, viz.: "Failure of the mine manager to deliver props when demanded, or to perform any other duty required of him by the mining act does not constitute a wilful violation of such act by the operator."

"Appellant, having had in his employment and on duty in its mine a certificated mine manager at the time appellee was injured, it discharged its duties to appellee in relation to those duties which the statute prescribes shall be performed by the mine manager, and appellant is not liable for injuries to appellee arising from the failure of the mine manager to deliver props to him when demanded."

"The mine manager was not a *vice-principal*, as his duty to deliver props was not delegated to him by appellee, but prescribed by statute."

These propositions all refer to one question: Is the operator liable under our statute for wilful failure of its mine manager to perform the prescribed duties? In support of their contention counsel cite: Durkin v. Kingston Coal Co., 171 Pa. 193; Williams v. Thacker Coal Co., 44 West Va. 599; Kellyville Coal Co. v. Hill, 87 Ill. App. 424; Himrod Coal Co. v. Schroath, 91 Ill. App. 234.

It is true that the statute provides that it shall be unlawful for the operator to employ any but a duly "certificated" person to serve in either the capacity of mine manager, mine examiner, or hoisting engineer; and it also provides that certain specified duties pertaining to the safety of the men employed in the mine shall be performed by such certificated employees, respectively, among those duties being those specified in section 16 of the Act, as above quoted.

To put the dominant factor of counsel's propositions in another form, a controlling question is, are these certificated employees when employed by an operator and placed in

Donk Bros. Coal & Coke Co. v. Lucas.

authority in the mine the servants of the state while performing these specified duties, or are they the servants of the mine operator? In this connection it may be noted that the statute does not restrict the operator in the exercise of any proper liberty in the selection of such employees. He had no right at common law to select any but competent persons for such service, and the presumption must be that all competent persons desiring such employment will be licensed ("certificated"), therefore all competent persons who are willing to perform such service may be employed, and the operator may at any time discharge such employees for failure to perform any specified duty, or for any other reason, or for no reason, and employ others, or he may perform the duties himself in person, if he is able and competent to do so, and will procure the requisite certificate. The requirement of the statute is only that these duties shall be performed, and that they shall not be performed by other than a person whose competency is evidenced by the required certificate. The statute relieves the operator of a part of his common law duty. It relieves him from the duty of making due inquiry as to the applicant's competency before employing him. The certificate is *prima facie* evidence of such competency, but it does not relieve the operator from responsibility for any part of his conduct not involving his competency and not even for that, if the operator knew that for any reason he was in fact incompetent. Consolidated Coal Co. v. Seniger, 179 Ill. 370 (374-5); Fulton v. Wilmington Star Mining Co., 133 Federal Reporter, 193.

While it is unlawful for the operator to permit any person to serve as mine manager, mine examiner or hoisting engineer who has not the proper certificate as to his qualifications for such service, still we think when such person is an employee of one so serving by the sufferance of the operator he is in every respect the servant of the operator, and that it is the operator's duty to see to it that such servant perform the requisite duties. Such servant with respect to the performance of these statutory duties is a

64      APPELLATE COURTS OF ILLINOIS.

VOL. 127.]      Donk Bros. Coal & Coke Co. v. Lucas.

servant of the grade of vice-principal. This is the construction that all the courts of this State have given to this statute from the date of its enactment to the present date. Every case in which a plaintiff has been allowed to recover for a wilful violation of any of this class of provisions of the Mines and Miner's Act is based on this construction of the statute. The following, all of recent date, are but a few of this class of cases: Mt. Olive Coal Co. v. Rademacher, 190 Ill. 538; Donk Brothers Coal Company v. Stroff, 200 Ill. 483; Kellyville Coal Company v. Strine, 217 Ill. 516; O'Fallon Coal Company v. Laquet, 89 Ill. App. 13; Mt. Olive & Staunton Coal Company v. Herbeck, 92 Ill. App. 441; Kellyville Coal Company v. Zehnka, 94 Ill. App. 74; Himrod Coal Company v. Adack, 94 Ill. App. 1; Donk Brothers Coal & Coke Company v. Stroff, 100 Ill. App. 576. These are all cases for failure to furnish props, when demanded of the mine manager, same as the case at bar, and the cases where recoveries have been had for wilful violation of the provisions of the statute imposing duties to be performed by the mine manager in other respects than furnishing props, and for wilful violation of provisions of the statute imposing duties upon the mine examiner and hoisting engineer, amount to scores if not hundreds in number, all identical in principle and all giving the statute the same construction, meaning and application that counsel challenge in this case and ask us to condemn. If the meaning of a statute can be conclusively established by judicial interpretation it certainly has been done in respect to the feature of the statute under consideration in this case.

To make these provisions of the statute of any particular value to the attainment of the purposes for which they were enacted, they must continue to receive the interpretation and application which up to this time they have received in all the courts of the State. In the light of the history of the disaster and death resulting from the dangers incident to the operation of coal mines in this State can clearly be seen the necessity for and the wisdom of this legislation; and it

should continue to receive at the hands of our courts such proper interpretation as will make it most effective.

In Joseph Taylor Coal Company v. Dawes, 122 Ill. App. 389, we discuss the case of Kelleyville Coal Company v. Hill, *supra*, cited and relied on by counsel for appellant, and do not deem it necessary to repeat that discussion here. We think these cases do not, in any sense, support appellant's propositions. All that they hold is, that mere negligence on the part of the certificated employee in some details of the performance of the specified duties would not be a wilful violation of the statute; in other words, that mere negligence is not wilfulness.

The controlling question in the case of Durkin v. Kingston Coal Company, *supra*, relied on by appellant, was as to the constitutionality of the statute. The case is a Pennsylvania case, and the Supreme Court of that state held that the provisions of the statute were unconstitutional. Our Constitution is not the same as that of the State of Pennsylvania, and our Constitution specially provides that "it shall be the duty of the General Assembly to pass such laws as may be necessary for the protection of the operative miners." A statute passed in obedience to such constitutional mandate should be liberally construed towards the accomplishment of its purpose.

The only remaining authority cited by counsel in support of their propositions, viz.: Williams v. Thacker Coal Company, *supra*, is a West Virginia case, and our views of it are fully expressed by Mr. Justice Grosscup, in Fulton v. Wilmington Star Mining Co., 133 Federal Reporter, 193. In speaking of the class of foreign cases relied on by appellant here, he said: "We are unwilling to follow (them). The authority of Illinois is against them; as is also the substantial consideration underlying the act." "The Illinois act was passed under a mandate of the Constitution of Illinois of 1870, making it the duty of the Legislature to pass laws for the protection of operative miners. It grew out of the public's wish that every precaution should be taken against the unusual hazards and dangers incident to

66 APPELLATE COURTS OF ILLINOIS.

VOL. 127.]        Donk Bros. Coal & Coke Co. v. Lucas.

the inhabitancy of mines. It was intended, and intended rightly, to protect with all known expedients, every person whose occupation required him to labor in these subterranean rooms and roadways."

It is insisted that the court erred in admitting evidence of a demand for props made to the assistant mine manager. The statute provides that: "In mines in which the works are so extensive that all the duties devolving upon the mine manager cannot be discharged by one man, competent persons may be designated and appointed as assistants to the mine manager, who shall exercise his functions under his instructions." The evidence shows that appellant's mine was a large mine, with extensive workings, and that it had in its service an assistant mine manager. There was no error in admitting this evidence.

The remaining questions raised on this appeal present no legal propositions not fully settled and generally accepted, and none of them are of such importance as to demand discussion here.

We find and hold in this case that the verdict is fully supported by the evidence; that the trial court committed no reversible error in the admission or rejection of evidence; that in permitting appellee to exhibit his injured leg to the jury the trial court did not abuse its discretionary power; that the court committed no reversible error in the giving, modifying or refusing of instructions; that the state of facts disclosed by the record as to the remarks of counsel during the argument of the case to the jury are not such as to warrant a reversal of the judgment; that the evidence very conclusively proves that appellee was very seriously and permanently injured, and that the amount of damages for which judgment was rendered is not excessive.

The judgment of the Circuit Court is affirmed.

*Affirmed.*