### Illinois Collieries Company v. George Davis.

1. MINES AND MINERS ACT—*what not defense to charge of wilful violation.* The charge of wilful violation of the provisions of the Mines and Miners Act is not met by a showing that the mine owner employed a licensed mine manager and a licensed mine examiner and that such examiner had reported all conditions safe.

2. MINES AND MINERS ACT—*character of licensed state employes.* A licensed mine examiner and a licensed mine manager are vice principals.

3. MINES AND MINERS ACT—*when recovery may be had for wilful violation of.* Recovery may be had under the Mines and Miners Act for a wilful violation of the provisions thereof if it appear that such wilful violation proximately contributed to the injury complained of.

4. CONTRIBUTORY NEGLIGENCE—*when no defense.* Contributory negligence is no defense to an action instituted under the Mines and Miners Act in which a wilful violation of such act is charged.

5. INSTRUCTION—*upon preponderance of evidence; when properly modified.* A modification of an instruction upon the question of the preponderance of the evidence is proper where such modification consists in striking out the word "clear" as applied to the phrase "preponderance of the evidence."

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

JETT & KINDER and GEORGE O'BRIEN, for appellant.

KEEFE & SULLIVAN, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, commenced in the Circuit Court of Bond county by appellee against appellant, to recover for a personal injury sustained by appellee while in the service of appellant as a shot firer in its mine. By agreement of parties the venue was changed to Madison county, where the case was tried by a jury, resulting in a verdict and judgment in favor of appellee for $1,500.

The declaration charges in substance and effect that appellant wilfully failed thoroughly to spray, sprinkle or clean the roadways or entries in its mine in which plaintiff was required to work; that thereby such roadways and entries became and were dry and dusty, and that the air became and was charged with dust and gases developed by such dust, and that on the 25th day of January, 1908, an explosion occurred, communicating fire to the gases and dust with which the air was charged, whereby appellee was burned and seriously injured. To this declaration appellant pleaded the general issue.

On the trial of the case the evidence tended to prove that appellee and one Arthur Haveron were shot firers in appellant's mine in Sorento, Illinois, and had been working in that capacity since September, 1905; that as a shot firer appellee's duty was to inspect shots and to fire the same after they had been set and prepared by the miners; that appellee and said Haveron were doing the firing on the north side of the mine where the third west entry was located; that for more than five weeks prior to January 25, 1906, the third west entry was dusty to the extent of having a large amount of dust on the track and at the sides of such entry, and as the mules traveled over the track it stirred up such

dust, whereby it was commingled with the air in the entry, and that when a shot was fired, dust was raised by the explosion; that appellee had notified the mine manager about five weeks before the accident of the dusty condition of the mine, and on three or four occasions had requested that the entry should be sprinkled; that during all that time the entry was not sprinkled, sprayed or cleaned, and that the part of the entry extending up to the head had never been sprinkled; that on January 25th, appellee and his associate shot firer went into the mine, that appellee went to the head of the third west entry, where he found five shots set ready to be fired, and one shot which was not tamped; that appellee tamped such shot, and prepared it for lighting; that he then went back to the head of the entry and ignited the three shots which were set in the head, and then ignited the fuse in the three shots that were in the cross-cut, which was just being turned off the third west entry, and which had been excavated to the depth of four or five feet; that after igniting these shots appellee started to run away and had run past two cross-cuts through which were currents of air circulating, and had reached a point about eighty feet distant from the head of the entry when the first shot exploded, which had the effect of blowing out appellee's light; that upon his light being blown out he called to Haveron that his light was out, appellee being at that time in the entry and immediately in front of the door of the room into which Haveron had gone for the purpose of firing off the shots that were set in that room. Haveron came to the door of the room for the purpose of furnishing appellee a light when the second shot that had been set at the head of the entry went off, and immediately there was an explosion of such violence that plaintiff and Haveron were both knocked down, and a volume of flame and burning particles passed over them,—"the whole west entry was a flame of fire," extending a great distance beyond them, setting fire to a ball of

fuse inside a room 150 feet away and charring and burning a post in the entry 250 feet away. Appellee was blown under a car and severely burned on the body, hands and feet and severely injured. The evidence also tends to prove that the fuses in these charges were all of about the same length, that the three in the entry and the three in the cross-cut when fired would discharge at right angles to each other, that appellee lighted all six of them, that two of them went off within two minutes after the first one was lighted, that the explosion which knocked appellee down occurred when the second one went off and that the remaining four went off soon after the explosion occurred. It is true that as to much of what is above stated the evidence was contradictory and conflicting.

The undisputed evidence proved that appellee was in the service of appellant as a shot firer and that written instructions as to his conduct and duty, and a copy of the statute with respect to shot firers and their duties had been delivered to him by appellant. And that appellant had in its service a licensed mine examiner and a licensed mine manager; that on the morning of the day of the explosion and injury complained of, the mine examiner had reported, "all conditions safe," and had reported, "all roads on the south side sprinkled O. K.; all roads on the north side sprinkled O. K.", and had entered the same in the proper book kept for that purpose, before any of the men were permitted to go into the mine to work.

Counsel for appellant challenge the judgment of the trial court on many grounds. In support of their first they say: "If the plaintiff charges certain things in his declaration, he must recover upon the case stated on account of what he charges in his declaration, and he cannot recover on some other grounds even though the evidence shows that the defendant was guilty of acts causing the injury." As to this proposition we deem it only necessary to state that as the evidence impresses us, it does tend to prove the substantive

charges of the declaration, and we find that the record as made in the trial court does not raise and preserve for review in this court any question as to variance.

Counsel contend that inasmuch as appellant has employed a licensed mine examiner and a licensed mine manager and the examiner had reported all conditions safe and all roads properly sprinkled, there could be no wilful violation of the statute on the part of appellant with respect to these matters, and they say: "There can be no wilful act on the part of the operator when he has employed a person licensed by the State * * * ," and they cite Kellyville Coal Company v. Hill, 87 Ill. App. 424, and Himrod Coal Co. v. Schroath, 91 Ill. App. 234. We think counsel mistake the relation of such employes to their employers. They are vice-principals. The acts and omissions of appellant's mine examiner and mine manager with respect to the requirements of the statute were the acts and omissions of appellant. In Joseph Taylor Coal Co. v. Dawes, 122 Ill. App. 389 (392, 393, 394), we quite fully discuss this subject and do not deem it necessary to again discuss it here. It is also discussed by the Supreme Court in Henrietta Coal Co. v. Martin, 221 Ill. 460.

Counsel contend that appellee was himself a violator of the statute, and is thereby barred of all right of recovery in this case, and they say, "It is unlawful to fire more than one shot at a time, if the fuse is not of such length that the first shot will not explode in less than three minutes." And, "it is unlawful for any miner to fire a shot in a mine, except in accordance with the rules of the mine," and cite sec. 16 (d) and sec. 20 (e) of chapter 93, Mines and Miners Act. We are of opinion that these provisions of the statute apply only where the miners do their own firing and that they have no application to "shot firers," employed and installed under the Act of 1905. But if it be conceded that they do apply to such shot firers and that appellee failed to observe them, then such failure

could be no more than contributory negligence which does not avail as a defense in this class of cases. Riverton Coal Co. v. Shepherd, 111 Ill. App. 294, affirmed in 207 Ill. 395.

It is insisted by counsel that the court erred in giving the first, second and third instructions, given on behalf of appellee; in modifying certain instructions given on behalf of appellant; and in refusing certain other instructions asked by appellant.

We are of opinion that the court did not commit any substantial error in its rulings with respect to the instructions, and we deem it necessary to discuss only the questions raised as to the modified and refused instructions asked on behalf of appellant.

Appellant presented certain instructions asking the court to instruct the jury that they must believe the plaintiff had proved his case to be a "clear" preponderance of the evidence. The court modified these instructions by striking out the word "clear" wherever it occurred, and gave them as modified. This, counsel insist, was error. They contend that the statute upon which the suit was based is a penal statute, of that class which calls for the application of the rule requiring a state of proof necessary to establish a case to be more than a mere preponderance of the evidence. No direct authority is cited in support of this contention, and the rule in this state with respect to cases arising under the statute in question, so far as we are advised, has been uniformly held to be as was held by the trial court in this case.

Appellant asked three instructions which the court refused to give. The first and third of these refused instructions, in effect, asked the court to hold that appellee would be barred of all right of recovery in this case by contributory negligence on his part.

It has been uniformly held by the Supreme Court of this state that contributory negligence on the part of the injured party will not bar a recovery for an injury resulting from a wilful violation of the statute

upon which suit is based.  The trial court did not err in refusing to give these instructions.

The second refused instruction, as we understand it, in effect, asked the court to hold that if the violation of the statute, as charged in the declaration, was not the sole and only cause of the injury, then there could be no recovery.  It is sufficient if the wilful violation of the statute charged in the declaration proximately contributed to cause the injury.  The refusal to give this instruction was not error.

Finally, counsel insist that the violation of the statute charged in the declaration was not the proximate cause of appellee's injury, and devote considerable space in their brief to the discussion of this proposition.  It must be borne in mind in this connection that it is not necessary to appellee's right of recovery that the violation of the statute charged should be the sole proximate cause of his injury.  It is sufficient if it be a contributing proximate cause.  And under the state of evidence in this case, that was a question of fact for the jury, and not a question of law for the judge.

In Illinois Central Railroad Co. v. Siler, Adm., 133 Ill. App. 2, we said in substance:  "The sum of it all is, that proximate cause is always a question of fact, to be determined in each particular case by the application of free logic to the particular facts of that case, in the light of common observation, common experience and common understanding.  In a true sense neither the presence nor the absence of proximate cause can ever appear as a matter of law in any case.  It is true the expression is frequently used by writers and judges high in authority, but what we understand them to mean by it is, that where the postulated facts, as in a pleading, or the state of facts disclosed by the evidence given on a trial, is such as to make it apparent to the court that all impartial, intelligent and reasonable minds would agree to the presence or absence of proximate cause, upon that particular state of facts, then the court may assume its presence or absence and may

act upon that assumption. It is, however, always a question of fact, and a judge or bench of judges in coming to a conclusion as to how it might appear to other minds, must always remember that it *is* a question of fact that 'must be answered in accordance with common understanding.' "

We are of opinion that the jury was warranted in finding that appellant was guilty of wilfully violating the statute, and that such violation was a proximate cause of appellee's injury. We find no material error in this record. The judgment of the Circuit Court is affirmed.

*Affirmed.*