## Emmett Layman, Appellee, v. Penwell Mining Company, Appellant.

1. MINES AND MINERS ACT—*when reliance cannot be placed upon wilful violation of statute by owner as basis for lack of knowledge of unsafe condition of mine.* If a servant has acquired actual knowledge of the unsafe condition of the roof of a mine by sounding it with a pick and has taken the necessary steps to avoid a danger incident to such unsafe condition, he cannot be heard to say that he was prevented from having such knowledge by reason of the obscuration of his vision by standing powder smoke due to alleged defective ventilation, and the resulting injury is deemed not approximately to have resulted from the violation of the act complained of.

2. MINES AND MINERS ACT—*when failure to inspect not ground for recovery.* If an unsafe condition arises after the regular and proper inspection has taken place, no charge of liability can be predicated with respect thereto, upon the ground of non-discovery by the mine examiner.

Action in case for personal injuries. Appeal from the Circuit Court of Christian county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the May term, 1907. Reversed. Opinion filed April 21, 1908.

J. C. & W. B. McBRIDE, for appellant.

HOGAN & WALLACE, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee, Emmett Layman, recovered a verdict and judgment in the Circuit Court of Christian county against appellant, Penwell Coal Mining Co., for $1,500, for personal injuries alleged to have been sustained by appelleee in consequence of the wilful violation by appellant of certain provisions of the act relating to Mines and Miners. The declaration contains four counts. The first count, which alleges common law negligence, was dismissed by appellee at the conclusion of the evidence introduced on his behalf. The second

count charges a wilful violation by appellant of the provisions of section 16 of the Mines and Miners Act which requires the mine manager to see that cross cuts are made at proper distance apart to secure the best ventilation at the face of the working place, to keep a careful watch over all ventilating apparatus and the air currents in the mine, and in case of accident by which the currents are obstructed or stopped, to at once order the withdrawal of the men and prohibit their return until thorough ventilation is reestablished, and avers in consequence thereof the air of the room in which appellee was at work became stagnant, deleterious and filled with smoke so that appellee could not see or anticipate the dangerous or unsafe condition of the roof in said room, whereby a large quantity of slate and rock fell from said roof and injured appellee.

The third count charges a wilful violation by appellant of section 18 of said Act, which provides that the mine examiner shall visit the mine before men are permitted to enter it and see that air currents are circulating in proper courses and proper quantities, and shall also inspect all places in the mine where men are expected to pass or to work, and observe whether there exists therein any unsafe condition, and as evidence of such examination shall inscribe on the wall of each place so examined the month and day of his visit and to place a conspicuous mark at working places where dangerous places exist, and avers that appellant, disregarding its duty in that behalf, permitted appellee to enter into his working room when the conditions therein were unsafe, in this, that the roof was insecure and not properly supported by props or other means; that the roof was composed of slate and rock of a treacherous formation so that it necessitated careful watching on the part of any one employed in said room to avoid the danger and injury resultant from the fall of rock and slate; that the conditions in said room were rendered still more dangerous by reason of the fact that sufficient or proper cross cuts in the sides thereof

were not made, and because of appellant's further lack of precaution and failure to make provision for the circulation of air in said room, and as a result thereof the air did not circulate through the same, but on the contrary it became and remained stagnant, so that powder smoke accumulated and remained in the room, thus preventing appellee from seeing or anticipating the dangerous condition of the roof thereof, or of the likelihood of rock and slate falling upon him, and that appellant failed to post a notice at the entrance of said room of the unsafe and dangerous conditions so as to give warning to the plaintiff of such dangerous condition; and that the mine examiner failed to mark with chalk on the walls of said room the day and date as aforesaid, as evidence of his visit to said room; and that while appellee was engaged at work in said room a large quantity of rock and slate fell from the roof thereof upon appellee, injuring him, etc.

The fourth count charges the wilful violation by appellant of the requirements of section 19 of said Act which provides that throughout every coal mine there shall be maintained currents of fresh air sufficient for the health and safety of all men and animals employed therein; that said currents shall be forced into every working place throughout the mine, so that all parts of the same shall be reasonably free from standing powder smoke and deleterious air of every kind; that cross cuts shall be made not more than sixty feet apart, and no room shall be opened in advance of the air current, and avers that appellant wilfully failed to provide cross cuts in the side of appellee's room not more than sixty feet apart, and failed to prevent said room being opened in advance of the air currents, and failed to maintain currents of fresh air in and through said mine and said room, sufficient for the health of the men engaged therein; that it failed to cause to be forced throughout said working place currents of air sufficient to render the same reasonably free from standing

powder smoke and deleterious air, and that while appellee was engaged at work in said room and by reason of the wilful failure of the defendant to comply with the provisions of said statute, powder smoke and deleterious air collected in said room or working place in such quantities as to render said working place dangerous and unsafe for persons working therein, and prevented appellee from seeing, apprehending or avoiding the dangerous or unsafe condition of the roof of said room, and that while appellee was at work in said room a large quantity of slate fell upon him, injuring him, etc.

On January 8, 1906, appellee, a miner in a coal mine operated by appellant, was engaged with his ''buddy,'' George Burke, in taking out coal from the face of room No. 2 off the first stub entry west of the sixth north on the east of appellant's mine. Room No. 2 had been driven to the south about 130 feet and the adjoining room No. 1 had been driven in the same direction about 115 feet. Appellee commenced work at about eight o'clock in the morning and continued mining coal, drilling and making preparations to fire some shots until about the noon hour. Before the shots appellee set a prop at the face of the coal to hold up the top in case it should break. After lighting the squib he retired to the entry of the room to await the blast and remained there five or ten minutes after the explosion, when he re-entered the room and remained there a few minutes. He then went into room No. 1, where he ate his dinner, and returned to his own room at about quarter to one o'clock. Appellee testified that when he entered room No. 2, within five or ten minutes after the blast, there was so much powder smoke in the room that he was unable to distinguish objects, and that upon his return to the room after eating his dinner there. was still sufficient powder smoke in the room to partially obscure his vision; that he put his hand up to the roof and sounded it with a pick for the purpose of determining if it was loose and unsafe; that if the roof

had been loose and unsafe it would have sounded drummy. He testified on direct examination that the roof did not sound drummy when sounded with a pick, but on cross-examination he testified: "It sounded a little bit drummy and I would not work under it until I set this prop." He further testified: "At that time I thought the roof was loose and was putting a prop to keep it from falling. Couldn't say whether it would fall but was liable to fall at any time." While appellee was clearing a place for a prop to rest upon the floor of the room a large quantity of slate and rock from the roof fell upon him and inflicted the injuries complained of.

It is conceded that appellant had wilfully failed to comply with the provisions of the statute requiring cross cuts between rooms Nos. 1 and 2, and that a compliance with the statute would have required appellant to make one or more cross cuts between said rooms. The evidence is conclusive, however, that there were no deleterious or noxious gases in Room No. 2 and that there was no powder smoke standing in said room immediately prior to the time the last shots were fired by appellee.

The evidence tends to show that the mine examiner employed by appellant examined room No. 2 and the roof and working place in that room on the day of the accident prior to the time appellee commenced work, and that he then found the roof and working place in said room to be in safe condition, and as evidence of such examination he inscribed the month and day of his visit to the room in front of the road on top.

It is insisted on behalf of appellant that the provisions of sections 16 and 19 of the Mines and Miners Act, wilful violations of which are alleged in the second and fourth counts of the declaration, respectively, relate solely to the subject of ventilation and the supply and circulation of air as affecting the sanitary condition of the mine and the health and safety of the men employed therein, and that such provisions have no

reference to conditions induced by standing powder smoke and the like, affecting the light in the working places of the mine, whereby a miner may be unable to discern and guard against danger. Undoubtedly the primary purpose of the Legislature in enacting sections 16 and 19 of the Act in question, was to provide a proper sanitary condition of a mine by a system of ventilation whereby there might be forced throughout the mine currents of fresh air sufficient for the health and safety of men and animals employed therein, and the withdrawal therefrom of noxious gases, but we are not disposed to hold that the requirements of those sections of the statute are directed solely to the maintenance of proper sanitary conditions, and that a mine operator may not be held liable for an injury to a miner proximately caused by wilful violation of those provisions, even though such injury is not directly attributable to the sanitary condition of the mine. In other words, if through the wilful failure of a mine operator to comply with the provisions of said sections 16 and 19, noxious gases, deleterious air and standing powder smoke are present in the mine in such quantities, and are of such character as to obscure a miner's vision and he suffers an injury by reason of the obscuration of his vision caused by the presence of such gases, air and smoke, the mine operator should not be permitted to escape liability for such injury upon the ground that such injury was not approximately caused by conditions affecting the sanitation of the mine.

It is manifest from the evidence in the case at bar that the unsafe condition of the roof was known to appellee and that knowing such unsafe condition and having an appreciation of the danger incident thereto he determined to put a prop under the roof for the purpose of supporting it. This knowledge of the unsafe condition of the roof appellee acquired by sounding the roof with a pick, which was the ordinary means employed to discover and determine such condition, and it does not appear that if appellee's vision had not been

partially obscured by the standing powder smoke he would have obtained any more definite or accurate knowledge of the condition of the roof. Appellee having acquired actual knowledge of the unsafe condition of the roof by sounding it with a pick and having taken the necessary steps to avoid a danger incident to such unsafe condition of the roof, cannot be heard to say that he was prevented from having such knowledge by reason of the obscuration of his vision by standing powder smoke. The *gravemen* of the action as set forth in each of the second, third and fourth counts of the declaration is the inability of appellee to observe the roof and acquire knowledge of its unsafe condition because of the obscuration of his vision by standing powder smoke, and it is clear from what has been heretofore said that the presence of standing powder smoke in appellee's room was not the proximate cause of his injury.

The evidence unquestionably discloses no causal connection between appellee's injury and the presence of powder smoke in his room and establishes the fact that the same injury would have resulted if there had been no standing powder smoke in the room.

It is urged on behalf of appellee that a right of recovery was established under the third count of the declaration, which charges a wilful failure upon the part of the mine examiner of appellant to visit the mine before men were permitted to enter it, and to inspect all places where men are expected to work and observe whether there existed therein any unsafe conditions, and as evidence of such examination to inscribe on the walls of such working places, with chalk, the month and day of his visit, and where dangerous conditions are found to exist to place a conspicuous mark thereat as notice to all men to keep out, as provided in section 18 of the Act. The duty imposed upon the mine examiner to observe all unsafe conditions in the mine before men should be permitted to enter it did not relate in the case at bar to the presence of standing

powder smoke in appellee's room, because that condition did not exist prior to the time appellee entered the mine, but accrued subsequent to such time and while appellee was working therein. Neither can the duty imposed upon the mine examiner be held to relate, in this case, to the unsafe condition of the roof which caused the injury complained of, because it is clear from the evidence that the unsafe condition of the roof in question did not exist before appellee entered the mine to work therein, so that it could have been observed by the mine examiner, but was caused by the shots fired by appellee during the progress of his work in mining coal, and at a time when the mine examiner had no opportunity and was not required to examine and report its condition. The allegations, therefore, in the third count of the declaration, charging a wilful failure by appellant's mine examiner to observe the presence of standing powder smoke and the roof in appellee's room, as unsafe conditions, are not supported by any evidence in the record.

The judgment of the Circuit Court will be reversed but the cause will not be remanded.

*Reversed, with finding of facts.*

Finding of facts to be incorporated in the judgment of this court: We find that the alleged wilful violation of the statute as charged in the several counts of the declaration was not the proximate cause of the injuries sustained by appellee, and that appellant was not guilty of a wilful failure to comply with the provisions of section 18 of the Mines and Miners Act, with respect to the duty of its mine examiner to observe the presence of standing powder smoke and the roof in the working place and room of appellee as being the unsafe condition charged in the third count of the declaration.