## George Schultz, Appellee, v. The Burnwell Coal Company, Appellant.

1. MINES AND MINERS—*expert testimony.* Expert testimony as to whether timbering in a mine where an accident occurred was proper, and as to the probable result of firing shots near such timbering is admissible, where the mine was examined as required by statute and it is alleged that the dangerous condition was created by shots fired after plaintiff proceeded with the mining of coal at the place of the accident.

2. MINES AND MINERS—*when no recovery for injuries.* If a mine is properly examined and is found in a safe condition, and a dangerous condition which causes an injury to a miner, arises by reason of the progress of the work of such miner while he is performing his duties, no recovery can be had.

3. MINES AND MINERS—*what instruction erroneous.* An instruction in an action by a miner for injuries is erroneous where it directs a verdict for plaintiff but ignores the defense made by defendant, that the mine was properly examined and was found in a safe condition, and the dangerous condition which caused the injury to plaintiff arose by reason of the progress of the work while plaintiff was performing his duties.

4. INSTRUCTIONS—*directing verdict.* An instruction which directs a verdict must contain all the elements necessary to permit a recovery.

5. MINES AND MINERS—*remedies for accidents happening under Act of 1897 preserved.* An action may be maintained for a violation

of the Act of 1897 concerning mines and miners in force at the time of an accident even if the act, as revised in 1911, does not preserve a remedy for accidents which happened under the former act.

Appeal from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed March 18, 1913.

HILL & BULLINGTON and GUY C. LANE, for appellant.

McQUIGG & DOWELL, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff sued defendant to recover for injuries sustained while employed by defendant as a coal miner. The declaration has but two counts, which allege wilful violation of the statute concerning mines and miners. The first count charges that while plaintiff and his buddy were working in room 12 of the fourth north entry of defendant's mine, it was the duty of the defendant to have had plaintiff's working place examined daily by its mine examiner and to inscribe on the walls of plaintiff's working place with chalk the month and day of the month of the mine examiner's visit; that, disregarding this duty, defendant failed to examine plaintiff's working place and to inscribe on the wall the day and month of his visit; and that plaintiff was permitted to enter the mine and work when his working place was in a dangerous and unsafe condition, and that by means thereof a large quantity of rock and slate fell upon plaintiff and injured him.

The second count contains the same averments as to time, date and place of the injury, and that it was the duty of defendant to have this working place examined daily by its mine examiner, and when a dangerous condition was found to mark the dangerous condition with a conspicuous mark as a notice for all men to keep out and to report his finding to the mine

manager and to permit no one to enter the mines therein except under the direction of the mine manager, until all such conditions had been made safe; that in plaintiff's working place there was a dangerous condition consisting of loose rock and slate in the roof and that the place was inadequately and insufficiently supported, that the timbers were too short, and that by reason thereof plaintiff's place of working should have been marked and reported as dangerous, but that defendant did not cause the said working place to be examined daily by its mine examiner, that the mine examiner did not examine said place and inscribe on the walls thereof the day and month of his visit or make a conspicuous mark indicating the dangerous place, and that while said condition existed, plaintiff being permitted to enter said mine when his working place was unsafe and insecure, that that neglect on the part of the defendant was a wilful violation of the statute.

Plaintiff recovered a judgment against defednant for fifteen hundred dollars, from which this appeal is prosecuted.

The record discloses that plaintiff and his buddy, one Joe Ambrose, were employed on the 8th of December, 1910, by defendant, that they were directed to turn a new room known as number 12 off from the east side of the fourth north entry. The neck of this room was constructed about twelve feet wide at the bottom, narrowing at the top. The fourth north entry was timbered so as to leave a space of about two feet between the props and the face of the entry. It was necessary for plaintiff and his buddy to load the first three or four cars from the entry before a switch could be laid into the room. They had cut the neck of the room back about six feet where they encountered a vein of coal about eight feet thick. The entry and neck of the room were timbered with one, set on the side next to the room neck, the other on the passage side of the entry, with a bar from one over to the other,

the others were set out from the rib two or three feet. On the 9th of December, when plaintiff and his buddy returned to work, they undermined a vein of coal some two or three feet and boring the necessary holes placed therein a charge of eighteen inches of powder. After this shot had been placed, it was fired, at about one o'clock of the morning of the 10th. Plaintiff and his buddy fearing the result of the shot, retreated some thirty or forty feet. The result of the shot was to loosen or knock down a large quantity of this coal and plaintiff and his buddy proceeded at once to load it into the cars. It required about forty minutes to load the first car with six or seven tons of coal. They commenced loading the second car and after having continued at this for about thirty minutes, a portion of the roof, slate and rock, fell and injured plaintiff.

Owing to the fact that this judgment must be reversed and a new trial had by reason of the error of the trial court in the admission and rejection of evidence, and by reason of erroneous instructions given, we refrain from entering into any discussion or passing upon the merits of this case upon the facts.

The Miners' Act at the time of this accident required that the mine should be examined by the mine examiner before permitting anyone to enter and work each day; the law at that time required but one examination during the twenty-four hours, and there is no serious contention in this case, and can be none, but what this mine was examined by the mine examiner during the night of the 8th and morning of the 9th of December, before plaintiff and his buddy were permitted to enter the mine. Plaintiff went to work about ten or eleven o'clock at night, and his hours were until six o'clock the next morning.

There is no contention that the entry and neck had not been provided with props for the purpose of protecting the roof, and the record shows that the props and cross-bars were placed in this neck and entry before the shot was fired on the night of the 9th or the

morning of the 10th by plaintiff and his buddy, and the condition of these props was permitted to be shown upon the trial. The mine examiner testified to having examined this mine and the day and month of his visit was inscribed upon the walls, and at the time of the examination no dangerous condition existed, and it was the contention of defendant that the dangerous condition was created by the firing of the shot after plaintiff and his buddy had proceeded with the mining of the coal in their working place; that if an injury occurred by reason of the dangerous condition being created by reason of the progress of the work of plaintiff and his buddy, defendant is not liable; this rule has been held in *Layman v. Penwell Mining Co.*, 142 Ill. App. 580, and *Missouri & I. Coal Co. v. Schwalb*, 74 Ill. App. 567.

Mining is a business with which the ordinary individual is seldom familiar, and a jury of miners in the trial of this character of case is almost an impossibility, and while it is true that expert testimony is not permissible ordinarily for the purpose of showing whether a condition was safe or dangerous, as that is the ultimate question to be determined by the jury, but where the character of the work or the conditions are such that it requires explanation of the means and methods of conducting the business or carrying on the same or the exercising of precautions therefor, for the purpose of enlightening the jury upon those questions pertaining to the operation of mines, it becomes necessary to permit the use of expert testimony to explain these conditions and circumstances to the jury, and it is always proper to do so. The opinion of an expert miner as to the effects, of the firing of shots, upon these props and the conditions surrounding them was proper. The expert testimony offered on behalf of the defendant should have been admitted. *Hamilton v. Spring Valley Coal Co.*, 149 Ill. App. 10; *Donk Bros. Coal & Coke Co. v. Stroff*, 200 Ill. 483;

*Henrietta Coal Co. v. Campbell*, 211 Ill. 216; *Kelly-ville Coal Co. v. Strine*, 217 Ill. 516.

While it was not proper for experts to testify as to whether conditions were safe or dangerous, it was proper for them to show whether the timbering was proper, and what would be the probable result of firing the shots shown by the record.

Instruction No. 2 given on behalf of the plaintiff is erroneous in utterly ignoring the defense to be made by the defendant that if the mine had been properly examined and been found in a safe condition, and that the dangerous condition which caused the injury to plaintiff arose by reason of the progress of the work while plaintiff and his buddy were performing their duties, then the defendant is not liable. If such was a fact, there can be no recovery in this case, and defendant had the right to have the jury instructed and pass upon that question. This instruction directed a verdict for the plaintiff if the place was dangerous at the time and prior to the injury and defendant failed to discover such condition and mark the same, ignoring the defense that it became dangerous during the progress of the work and after an examination had been made. The rule is well settled in this state that where an instruction directs a verdict it must contain all of the elements necessary to permit a recovery. *Krieger v. Aurora, E. & C. R. Co.*, 242 Ill. 544; *Swiercz v. Ill. Steel Co.*, 231 Ill. 456.

Appellant also insists that it was error to refuse instruction No. 3 offered by it. We do not think there was any error in refusing this instruction for the reason that the instruction is misleading and would have been very apt to have confused the jury on the question of contributory negligence. While it is not an instruction strictly upon the question of contributory negligence, that question is so embodied in it that it could not be clearly understood by the jury.

It is insisted by appellant that this suit cannot be maintained under the statute of 1897 which was in

force at the time of the accident, for the reason that the Act concerning Mines and Miners was revised in 1911, insisting that there is no clause in the Act of 1911 preserving a remedy for an accident happening under the former statute. This contention is not maintainable for the reason that section 4, chapter 131, Hurd's Revised Statutes, covers this question, and permits an action to be maintained.

For the reasons herein set forth, the judgment is reversed and the cause remanded.

*Reversed and remanded.*