JOHN W. PEEBLES, Defendant in Error, *vs.* THE O'GARA COAL COMPANY, Plaintiff in Error.

*Opinion filed April 23, 1909.*

1. NEGLIGENCE—*when contributory negligence of plaintiff is no defense.* In an action by a miner to recover damages for injuries sustained by his employer's willful disregard of the provisions of the Mines and Miners act the contributory negligence of the plaintiff is no defense.

2. MINES—*mine operator need not have discovered the alleged dangerous condition.* A mine operator is liable, under section 18 of the Mines and Miners act, not only when the existence of the alleged dangerous condition has been discovered by him, but also when, by the exercise of the care required by the provisions of the act, he could have discovered such dangerous condition.

3. PLEADING—*words "knowingly" and "willfully" are synonymous.* A count charging the defendant mining company with a violation of section 18 of the Mines and Miners act in "willfully" permitting the plaintiff to enter a working place averred to have been in a dangerous condition before the plaintiff went to work, is not defective, in substance, because it fails to aver that the defendant knew of such dangerous condition, since the words "willfully" and "knowingly" are synonymous. ·

4. TRIAL—*question may be leading notwithstanding its form.* A question is leading when it indicates to the witness the real or supposed fact which the examiner expects and desires to have confirmed by the answer, and the fact that the examiner uses the term "whether or not" in putting the question does not necessarily make the question not a leading one.

5. SAME—*court's discretion in permitting leading questions is subject to review.* In Illinois the trial court's discretion in permitting leading questions is subject to review, but its action in that respect will not work a reversal unless such discretion has been palpably abused and substantial injury done.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding.

This is an action on the case brought by defendant in error in the circuit court of Saline county to recover damages for injuries sustained by him while at work as a miner in plaintiff in error's mine, August 13, 1906.

The declaration originally consisted of four counts. The third count having been withdrawn by defendant in error, the case was tried on the first, second and fourth counts, and plaintiff in error was found guilty by the jury on the first and fourth only, the verdict and judgment being for $1500. This judgment was affirmed by the Appellate Court on appeal, and a writ of error has been sued out from this court.

The first count was based on a violation of paragraph (*a*) of section 16 of the Mines and Miners act, (Hurd's Stat. 1908, p. 1434,) and charged that the plaintiff in error willfully and knowingly failed and neglected to provide defendant in error with a sufficient supply of props, caps and timbers, after demand by him therefor, as nearly as possible in suitable lengths, etc., for securing his working place, whereby a large quantity of rock and slate fell from the roof of said place and injured him. The fourth count, based on paragraph (*b*) of section 18 of the Mines and Miners act, (Hurd's Stat. 1908, p. 1436,) charged that on the morning of the day defendant in error was injured, and before he entered the mine to work, his working place was in a dangerous condition, and that plaintiff in error willfully per-

mitted, suffered and allowed him to enter his working place to work therein without the directions or without being under the directions of the mine manager, before said dangerous place was made safe.

DENISON & SPILLER, (M. S. WHITLEY, of counsel,) for plaintiff in error.

CHOISSER, CHOISSER & KANE, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The proof shows that the defendant in error was a coal miner, forty-nine years of age, and was employed at the time of the accident, and for several months theretofore, in plaintiff in error's mine; that the coal was mined by being cut loose with a machine and then shot down, usually with three shots, the one in the center being called the "breakdown shot;" that the evening before the injury defendant in error, with the assistance of his son, who was working with him, fired three shots but could not see the condition of the roof on account of the smoke; that on going to work the next morning he found the shots had knocked the coal down on the right and left sides, but that part of the center shot was still standing against the roof and a piece of loose slate or rock was projecting about three and a half feet; that during the afternoon, after trying, without success, to pull the slate down, he started to mine down the coal which had been left standing, but struck only once with his pick when the piece of slate loosened, swung around, fell on his leg and broke it; that he was otherwise bruised and injured, and had been able to work only about two weeks from the time of the accident to the time of the trial, some thirteen months.

Plaintiff in error does not contend that the proof was insufficient to permit recovery under the first count, in so far as relates to the defendant in error not being furnished with

props and cap-pieces as he requested. That question being controverted, it is admitted that the judgment of the Appellate Court affirming the findings of the trial court is conclusive on this court.

Plaintiff in error does contend, however, that the proof shows that the proximate cause of the injury was not the willful violation of the Mining act by plaintiff in error, but the fact that defendant in error willfully, intentionally and deliberately struck his pick into the coal knowing its condition, and that hence no recovery can be had. It cannot be argued from this record that defendant in error struck his pick into this coal with the intention of pulling it down upon himself and breaking his leg. The argument of counsel for plaintiff in error is plainly an attempt to avoid the conclusions necessarily drawn from the former decisions of this court in construing the act here under consideration, as to contributory negligence. Such negligence by the injured person is no defense to an action based upon the mine owner's willful failure to carry out the provisions of said act. (*Kellyville Coal Co.* v. *Strine,* 217 Ill. 516; *Henrietta Coal Co.* v. *Martin,* 221 id. 460; *Eldorado Coal Co.* v. *Swan,* 227 id. 586; *Davis* v. *Illinois Collieries Co.* 232 id. 284; *Mertens* v. *Southern Coal Co.* 235 id. 540; *Olson* v. *Kelly Coal Co.* 236 id. 502.) The question here involved has been so fully and exhaustively discussed in these cases that it can serve no useful purpose to consider it again. This being the rule of law, the court rightly refused instructions 8, 10, 11 and 12.

The further argument is made that the fourth count did not state a good cause of action. Counsel for plaintiff in error contend that in order to recover under paragraph (*b*) of said section 18 of the Mines and Miners act it was necessary for defendant in error to allege and prove that the plaintiff in error had discovered the dangerous conditions complained of. Such is not the law. This court, in discussing this section of the statute in *Mertens* v. *Southern*

*Coal Co. supra,* said (p. 544) : "We think the jury were justified in finding, from the evidence, that the roof of the mine was in a dangerous condition on the morning of the 20th, and that if the mine examiner of the appellant had made a proper examination to ascertain the condition of the roof he would have discovered its dangerous condition, and that from such evidence they were justified in concluding that the mine examiner did not examine the room on that morning, or that if he did examine it he discovered its condition and failed to comply with the statute by indicating, by proper marks, its dangerous condition and noting the same in his record and reporting the same to the mine manager." Manifestly, the operators of mines are liable, under this provision of the statute, not only when the dangerous conditions have been discovered by them, but also if, by the exercise of the care required by the provisions of the act, they could have discovered the existence of such conditions. The argument of plaintiff in error would allow mine operators to relieve themselves from all obligation under these provisions of the Mining act by simply neglecting, intentionally or otherwise, to make the daily examination provided for therein.

It is argued that this fourth count did not charge that plaintiff in error knew of the dangerous condition. The count charges that plaintiff in error willfully permitted defendant in error to enter said working place. The word "willfully" is synonymous with "knowingly." The two words are equivalents. (*Peterson* v. *Pusey,* 237 Ill. 204.) The count charges that the dangerous condition existed prior to the day of the injury as well as on the day of the injury. Section 18 of the Mines and Miners act, upon which this count is based, requires a daily inspection of the mine by the mine examiner. Argumentatively, at least, the count therefore charged the plaintiff in error with notice of this dangerous condition. We think this count was a de-

fective statement of a good cause of action, and is sufficient to sustain the verdict and judgment.

Objection is made by plaintiff in error to the giving of the twenty-first instruction for defendant in error. This instruction is substantially the same as instruction 1 in *Illinois Central Railroad Co.* v. *Cole,* 165 Ill. 334. It is insisted that this instruction permits the jury to go outside the evidence in the record in deciding what damages they might award to compensate the defendant in error for his injuries. This court, in discussing the same instruction in *Chicago City Railway Co.* v. *Hagenback,* 228 Ill. 290, said (p. 297): "The purpose of the instruction was to enumerate proper elements entering into the damages, and it was supplemented by other instructions by which the jury were advised that the case must be decided upon the evidence." The same may be said of the instructions in this case. We do not think the jury were misled by this instruction, as contended.

Plaintiff in error argues that certain instructions given for the defendant in error were argumentative, that others called attention to particular evidence, and that still others were objectionable because they assumed certain facts. We agree with the Appellate Court that most of these objections do not appear to be well founded, and none of them are of so serious a nature as to justify a reversal. We think the plaintiff in error is without just cause for complaint on the question of instructions, as the twenty-eight given for it by the court fully covered the law applicable to its theory of the case.

Plaintiff in error further complains that the trial court improperly permitted defendant in error's counsel to ask leading questions of his witnesses. A question is leading when it indicates to the witness the real or supposed fact which the examiner expects and desires to have confirmed by the answer. (2 Elliott on Evidence, sec. 836.) Defendant in error contends that in many of these questions objected to, the examiner avoided the grounds for objection

by using the term "whether or not." This does not necessarily keep the question from being leading, as it still may suggest to the witness the answer desired. (2 Elliott on Evidence, sec. 837.) In *Daugherty* v. *Heckard,* 189 Ill. 239, in discussing this subject we said (p. 246) : "The propriety of admitting or excluding leading questions is within the sound discretion of the trial court. In some of the States this discretion is not subject to review; in others the rule is that a manifest and injurious abuse of the discretion may be corrected in the courts having appellate jurisdiction. The latter rule obtains in this court." In *Funk* v. *Babbitt,* 156 Ill. 408, the rule was laid down that the allowance of leading questions would only be ground for reversal when the discretion of the trial court was palpably abused and substantial injury done. The questions objected to as leading are quite numerous. It is sufficient to say that we have examined them, and think, under the rules stated above, they were within the bounds of the discretion vested in the trial court, and that the answers to such questions were not, on this record, prejudicial to plaintiff in error. It may be noted that some of these questions come within the rule laid down in *Swartwout* v. *Evans,* 41 Ill. 376, in merely directing the witness' attention to the particular point in controversy, and therefore were not improper.

Plaintiff in error further insists that the court erred in its ruling as to a certain question asked of one of its witnesses, and the answer thereto. The question was double in its nature, and it is apparent from the record that the part of the question that counsel desired answered was afterward asked and answered, so that no harm was done by the ruling.

We find no reversible error in the record, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*