### J. A. Gallez, Appellee, v. Kelly Coal Company, Appellant.

MINES AND MINERS ACT—*what wilful violation.* If a mine examination by a proper examiner would have discovered a dangerous condition complained of, his failure to do so would constitute a wilful violation of the statute by the defendant in that regard.

Action in case for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed October 25, 1909.

O. M. JONES and CHARLES TROUP, for appellant; MASTIN & SHERLOCK, of counsel.

WALTER V. DYSART and THOMAS A. GRAHAM, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Gallez, who was an entry driver in the employ of the Kelly Coal Co., in one of its mines, recovered a judgment for $250 against said company for injuries sustained by him by reason of a rock falling from the

roof of an entry in said mine. The declaration is based upon the statute entitled Mines and Miners. The first count charges that there was a loose, unsafe and dangerous rock in the roof of the entry, and that it had so existed for two days before the accident; that on the morning of the accident the defendant wilfully permitted the plaintiff to go into the mine to work without being under the direction of its mine manager, and before said dangerous condition had been made safe. The third count charges that the dangerous condition referred to in the first count could and would have been discovered by the mine examiner had he made an examination of said entry as provided by law, and that such mine examiner on the morning of the accident wilfully failed and omitted to place a conspicuous mark thereat as notice to all men to keep out, as required by the statute.

The evidence shows that appellee and his brother, A. J. Gallez, were working together driving a certain entry in one of the defendant's mines, and had gotten about forty feet past the last crosscut. About thirty feet from the face of the entry was a rock in the roof of the mine about two feet square, feathering out all around from the middle, and being the one which afterward fell. The mine examiner testified that he had examined the entry in question the night before the day of the accident; that he sounded the roof its whole length and up to the face of the entry, and found the same solid and in good condition, that the rock in question was not loose at the time, and there was no separate rocks or cracks in the roof. The plaintiff testified that the rock in question was loose two days before the accident; that he did not look at it the following day nor on the morning of the accident; that on that morning he found the mine examiner's date mark on the wall of the entry, indicating that he had been in there the night before and had examined the entry. A. J. Gallez testified that he had noticed the rock two days before it fell, had examined

it with his pick, and found it loose, but not dangerously so; that it was in the same condition on the following day, but that he did not examine it on the day of the accident. The mine inspector testified that he also had examined the roof in the entry from the face back to the neck, on the day before the accident, and that he sounded the roof with his rod and found no loose rock, and that the roof seemed to be solid.

The evidence showed that the rock was about four inches thick in the middle and feathered out on the edge, and several witnesses called by the defendant testified that such rocks, which are known as pot rocks, usually fall within ten minutes to an hour after becoming loose. The evidence further showed that the plaintiff went under the rock to proceed with his work, when the same fell on him, striking one of his legs which had several years before been amputated below the knee, and upon which he was wearing a peg. He claims that the injury has rendered his knee permanently stiff. If the testimony offered by the plaintiff is to be believed, the rock was loose for at least two days prior to the accident, and if the mine examiner did, as he claims, examine the entry on the evening before the accident, it is manifest that he must have discovered the dangerous condition existing, and was guilty of wilful violation of the statute in failing to mark the place as dangerous.

Although the evidence is in close conflict, we are unable to say that the jury was clearly unwarranted in finding that the roof of the entry was in a dangerous condition on the night before the accident and that if the mine examiner of the defendant had made proper examination to ascertain the condition of the roof he would have discovered its dangerous condition, or that they were not justified in concluding that the mine examiner did not examine the room on that evening, or if he did examine it he discovered its condition and failed to comply with the statute by indicating by proper marks its dangerous condition and noting the

same in his record, and reporting the same to the mine manager. Mertens v. Southern Coal Co., 235 Ill. 540; Peebles v. O'Gara Coal Co., 239 Ill. 370. We are therefore not at liberty to disturb the verdict.

We think the modification of the defendant's fourteenth and plaintiff's fifteenth instructions was proper. If the mine examiner by a proper examination would have discovered the dangerous condition his failure to do so would constitute a wilful violation of the statute by the defendant in that regard. Mertens v. Southern Coal Co., *supra;* Peebles v. O'Gara Coal Co., 239 Ill. 370.

The judgment of the Circuit Court is affirmed.

*Affirmed.*