DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1910.

---

### Harry Dickerson, Appellee, v. Henrietta Coal Company, Appellant.

1. EVIDENCE—*when paper incompetent by way of impeachment.* A paper sought to be used by way of impeachment is properly excluded if it contains other matter than that which related directly to the impeachment of the witness which other matter was important to the party seeking to introduce the paper, and where such paper was signed by other witnesses than the one sought to be impeached.

2. INSTRUCTIONS—*when modification upon interest of party not improper.* An instruction which tells the jury that "While the plaintiff is allowed to testify in this case in his own behalf, yet in considering his testimony and the weight to be given to it, the jury have a right to and should take into consideration the fact that he is the plaintiff in this suit and is interested in the result thereof," is not improperly modified by the addition of the words "and should judge the weight of this testimony by the same tests applied to other witnesses."

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 9, 1910. Rehearing denied October 27, 1910.

WISE & KEEFE, for appellant.

GEERS & GEERS, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee was injured by a rock falling from the

(454)

roof of appellant's mine in which he was engaged as a coal miner. He brought suit against appellant, charging it in one count of the declaration with a failure to perform its statutory duty to provide a sufficient supply of props, caps and timbers, delivered on the miners' cars at the usual place when demanded, as nearly as possible, in suitable lengths and dimensions for securing the roof of the mine; and in another count charging that it was the custom of the mine for the miners to order their props, caps and timbers from the drivers, and for the drivers, through the mine manager, to provide the same, delivered on the miners' cars, at the usual place in suitable lengths and dimensions, for securing the roof; that appellee demanded such props, caps and timbers of one Dick Davis, a driver, but that the same were not provided for him at said place.

A judgment for $2,000 in favor of appellee is here sought to be reversed by appellant, upon the ground that the verdict is not sustained by the evidence and the court erred in excluding certain evidence offered by it and in modifying one of its instructions.

The proofs show that appellee, a man 27 years of age, was on May 28, 1908, and had been for four or five months prior thereto, working as a miner in appellant's coal mine near the city of Edwardsville, Illinois, and was receiving as pay $2.56 a day; that, as testified to by appellee, he, two days prior to said date, noticed a rock loose in the roof of his room, and asked the mine manager to send in some 5½ foot props; that the manager told him all right, but needing a driver asked appellee to go out and drive, which the latter did, serving in that capacity the rest of that day and all of the following day; that on the day of the injury, having returned to work in his room, he discovered the props had not been sent in and at about 8 o'clock A. M. ordered some 5½ foot props from Davis, a driver; that it was the custom and rule of the mine to demand props of the drivers; that the props, however, were not delivered

and shortly before 11 A. M., a rock fell upon him from the roof, by which he was most painfully injured and permanently crippled and disfigured.

Whether or not appellee ordered the props from the mine manager or the driver, was a controverted question.

Section 16 of the Act in regard to Mines and Miners, provides, that the mine manager shall "always provide a sufficient supply of props, caps and timbers delivered on the miners' cars at the usual place when demanded, as nearly as possible, in suitable lengths and dimensions, for the securing of the roof by the miners." The proofs show that appellant failed to deliver such props, caps or timbers to appellee on the miners' cars at the usual place, but it is claimed by appellant that there was a sufficient supply of props of the desired length in appellee's room about 60 feet from the face of the mine, and there were also a number of such props at a switch in the entry not far from the mouth of the room. Even if the existence of props and timbers of the proper length in such location, could be considered a compliance with the statute (see Donk Bros. Coal & Coke Co. v. Lucis, 226 Ill. 23), yet upon that question there was also a sharp controversy in the evidence. It was clearly for the jury to say from the evidence, whether the props had been ordered from the mine manager or the driver, whether they were provided in a sufficient supply in the manner and at the place designated by statute, and whether if there was a failure to so supply such props, the same was the proximate cause of appellee's injury.

As to the ruling upon the evidence, appellant complains that the court refused to permit the mine examiner to testify that the day before the rock fell he called appellee's attention to it and told him to look out for it. This evidence was incompetent for the reason, if true, it could only tend to show that appellee was guilty of contributory negligence, which is no defense in an action based upon the wilful failure

of a mine operator to comply with the statute providing for the health and safety of employes. Peebles v. O'Gara Coal Co., 239 Ill. 370; Kellyville Coal Co. v. Strine, 217 id. 516; Carterville Coal Co. v. Abbott, 181 id. 495; Himrod Coal Co. v. Adack, 94 Ill. App. 1.

Appellant further complains that the court refused to admit a statement made on May 28, 1908, and signed by the mine manager Jenkins and two miners, Teasdale and Wiese, stating that after the injury, they had found fourteen 5½ foot props together with other props in the room where appellee was injured; that these timbers were all in good shape and size for using, and stating what the requirements of the place as to timbers were. It appeared that the statement had been made out by the general manager of the company at its office and handed to the men to sign. Wiese, who was a witness for plaintiff upon the trial admitted that he signed it saying, "All I done was to put my name on there." He however said that he did not measure the props but only heard the measurement called off and stated that the conditions in appellee's room had been changed between the time of the accident and the time the examination was made. Objection was made by appellee to the admission of this statement. We think the paper was properly excluded for the reason that it contained other matter than that which related directly to the impeachment of the witness, which was important to appellant in the case and also because others than the witness himself, signed the statement, and by its admission appellant would get the benefit of what they said in the statement, as well as the witness. The fact that appellant offered to omit a portion of the statement and all signatures except that of Wiese, did not render the instrument admissible and was not, under the circumstances, a practical thing to do.

The only complaint concerning the instructions is that the court modified one offered for appellant, which told the jury that "While the plaintiff is allowed to

testify in this case in his own behalf, yet in considering his testimony and the weight to be given to it, the jury have a right to and should take into consideration, the fact that he is the plaintiff in this suit and is interested in the result thereof,'' by adding the words ''and should judge the weight of this testimony by the same tests applied to other witnesses.''

In C. & E. I. R. R. Co. v. Burridge, 211 Ill. 9, it was held, that an instruction similar to that offered by the appellant here, was proper in a case where the party on one side was an individual and on the other a corporation.

In Henrietta Coal Co. v. Martin, 221 Ill. 460, however, it was held that under the same circumstances, it was proper for the court to modify such an instruction by adding a clause telling the jury they had the right to weigh that testimony ''by the same rules applied to the testimony of all other witnesses.''

The modification in that case was substantially the same as the one in the case before us, and we therefore regard the question as settled against the contention of appellant.

We are of opinion that the judgment of the court below ought to be and it accordingly is affirmed.

*Affirmed.*