### Joe Jacobs, Appellee, v. Electric Coal Company, Appellant.

1. EVIDENCE—*what competent by way of impeachment.* A proper foundation having first been made upon cross examination of a witness, a writing containing statements contradictory to his testimony given is competent for purposes of impeachment.

2. INSTRUCTIONS—*misleading.* An instruction which tends to mislead the jury is improper and constitutes ground for reversal.

Action in case for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

O. M. JONES and CHARLES TROUP, for appellant; MASTIN & SHERLOCK, of counsel.

THOMAS A. GRAHAM, for appellee; FRANK W. JONES, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

The plaintiff recovered a verdict and judgment against the defendant in the Circuit Court of Vermilion county for $250 as damages for personal injuries alleged to have been occasioned by the wilful failure of the defendant to comply with certain provisions of the Mines and Miners Act, to reverse which judgment the defendant prosecutes this appeal.

The cause was submitted to the jury upon the first and second additional counts of the declaration. The first additional count alleges in substance, that in the usual course of his employment it was necessary for the plaintiff to be on a trip of cars drawn by mules in the second southeast entry of defendant's mine;. that defendant wilfully permitted plaintiff to enter said mine and entry to work as aforesaid without being under the direction of its mine manager, when a dangerous and unsafe condition existed in said entry caused by allowing dirt and other material to accumulate in the track between the rails, which formed a hump in the middle of the track, which hump would cause the hitching of cars to disconnect by said hitchings striking and dragging on said hump; that by reason of defendant wilfully permitting him to enter the mine to work as aforesaid, while said dangerous condition existed, plaintiff, while in the usual course of his employment in hauling coal along said track, riding on the front end of his trip of cars, ran into a car standing on said track at the point aforesaid, which car had broken loose and become disconnected from a trip of cars which preceded the plaintiff. because of said unsafe and dangerous condition, in consequence of which plaintiff was injured, etc. The second additional count alleges the existence of the like unsafe and dangerous condition of the track in defendant's mine; that on the day plaintiff was injured the defendant's mine examiner wilfully failed to place a conspicuous mark

thereat as notice to all men to keep out, and wilfully failed to report his finding to the mine examiner; and that by reason of the wilful failure of defendant's mine examiner in that respect the plaintiff was injured as set forth in the first additional count of the declaration.

Upon the issues of fact involved it is sufficient to say that the evidence is close and conflicting and that if no errors of law had intervened which, considered as a whole, were prejudicial to defendant, we would not be warranted in holding that the verdict should be set aside either for the want of evidence or as being against the manifest weight of the evidence.

Oscar West who was the main witness called by the plaintiff to show that the hitching device upon the car which became detached from the trip was uncoupled by coming in contact with the dirt which the defendant had permitted to accumulate upon the track, and who so testified upon his direct examination, admitted upon his cross-examination that the written statement then presented to him was made and signed by him at about the time of the injury to the plaintiff. Said written statement contained among other things the following: "I don't know what could have caused the car to have come unhooked unless it was a chunk of coal which might have fallen off of one of the cars." This portion of the written statement of the witness was in direct contradiction of his testimony and was offered by the defendant at the close of plaintiff's evidence in impeachment of the testimony of said witness, but upon the objection of the plaintiff such statement was excluded by the court. The proper foundation for its admission having been laid the statement was clearly competent for the purpose for which it was offered and it was error to exclude the same. I. C. R. R. Co. v. Wade, 206 Ill. 523.

The first instruction offered by the plaintiff and as modified and given by the court is substantially like

the third instruction given at the request of the plaintiff in Thompson v. Dering Coal Co., *post*, p. 289, and for the reason there stated was calculated to mislead the jury. The fourth instruction given at the instance of the plaintiff should have been limited in its application to the issues involved under the pleadings.

The fifth instruction given at the request of the plaintiff is not subject to the objection urged. The rule announced in the instruction has been approved in Mertens v. Southern Coal Co., 235 Ill. 540, and Peebles v. O'Gara Coal Co., 239 Ill. 370. The other errors assigned and argued will doubtless be obviated upon another trial of the cause.

For the reasons stated the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*