## Andrew Brown, Defendant in Error, v. Kelly Coal Company, Plaintiff in Error.

1. INSTRUCTIONS—*when special accuracy required.* Where the evidence bearing upon the issues involved in the case is radically conflicting the instructions should be drawn with special accuracy.

2. MINES AND MINERS—*when instruction in action charging wilful violation erroneous.* To recover under the Mines and Miners Act more than mere negligence is required to be shown. A wilful violation of the provisions of the act is essential, and instructons whch remove this distinction are erroneous and ground for reversal. Under this principle, *held,* that the following instruction was erroneous by reason of the insertion of the italicized words:

"The court instructs the jury that before there can be a wilful failure by the defendant, as charged in the declaration in this case, the defendant, through some of its officers, must have actually *or by reasonable diligence could have known,* of the condition in the plaintiff's room and that it was loose and dangerous, or the condition in the roof of the room must have been so loose and dangerous that a failure to mark or report it unsafe and dangerous showed a wilful and wanton disregard of the safety of the plaintiff, and unless a preponderance of all the evidence in this case shows either one or the other of these two states of fact existing at the time of the examination or prior to that time then you should return a verdict finding the defendant not guilty as to the fourth count of the plaintiff's declaration."

Action in case for personal injuries. Error to the Circuit Court of Vermilion county; the Hon. W. B. SCHOLFIELD, Judge, presiding.

Heard in this court at the November term, 1910. Reversed and reman-
ded. Opinion filed May 26, 1911.

O. M. Jones and Charles Troup, for plaintiff in error;
Mastin & Sherlock, of counsel.

Thomas A. Graham, for defendant in error.

Mr. Justice Baume delivered the opinion of the court.

Defendant in error instituted her suit against plaintiff in
error to recover damages for personal injuries alleged to
have been occasioned by the wilful failure of plaintiff in er-
ror to comply with certain provisions of the Mines and
Miners Act. A trial by jury in the circuit court of Ver-
milion county resulted in a verdict and judgment against
plaintiff in error for $2,975, and this writ of error is prose-
cuted to reverse such judgment. The case was submitted to
the jury upon the fourth count of the declaration which al-
leges in substance that defendant in error was in the em-
ploy of plaintiff in error as a coal miner working in room
four off of the eleventh west entry off of the seventh south
entry in the mine of plaintiff in error; that there existed in
the roof of said room at a place 25 feet from the face a large
and loose rock which then and there constituted an unsafe
and dangerous condition; that defendant in error not regard-
ing the duty imposed upon it by law wilfully and knowingly
permitted defendant in error to enter said mine for the pur-
pose of working in said room without being under the direc-
tion of its mine manager, well knowing that said unsafe and
dangerous condition existed in the roof of said room; that
while defendant in error in the usual course of his employ-
ment was passing along and in said room to the face of the
coal therein the said large and loose rock then and there fell
and struck him, etc.

The evidence offered on behalf of defendant in error tends
to show that the room in which defendant in error was in-
jured had been extended a distance of about 60 feet from
the room neck to the face of the coal; that upon the morning
preceding the accident a large rock was observed in the roof

of the room about 30 feet from the face of the coal, which rock was loose and in a dangerous condition, and had upon it a cross mark with chalk, which indicated that the rock had been examined by the mine examiner and found to be in an unsafe and dangerous condition; that on the following morning defendant in error was permitted to enter the mine without any directions from the mine manager, and proceeded to his room for the purpose of mining coal; that there were then no props under the rock; that while defendant in error was pushing his car toward the face of the coal the rock fell upon him causing the injuries complained of. The evidence offered upon behalf of plaintiff in error tends to show that the mine examiner had made a careful inspection of the roof of the room on the morning preceding the accident and also on the morning of the day on which the accident occurred; that he sounded the roof of the room with a rod usually used for that purpose, but found no loose rock or other unsafe or dangerous condition but found the rock in question sound and safe; that he made no cross mark with chalk upon the rock but marked the figures "9-19-07" on the wall of the room to indicate that he had examined the room, and that he had found all conditions therein to be safe; that a rock of the kind in question would not hang, or remain in the roof, without falling for twenty-four or thirty-six hours after it became loose. The evidence bearing upon the issues involved is radically conflicting, and when considered as it appears upon the printed page seems to preponderate in favor of plaintiff in error. The case was one requiring special accuracy in the instructions.

The twelfth instruction offered by plaintiff in error excluding the italicized words, was as follows:

"The court instructs the jury that before there can be a wilful failure by the defendant, as charged in the declaration in this case, the defendant, through some of its officers, must have actually *or by reasonable diligence could have known,* of the condition in the plaintiff's room and that it was loose and dangerous, or the condition in the roof of the room must have been so loose and dangerous that a failure to mark or report

it unsafe and dangerous showed a wilful and wanton disregard of the safety of the plaintiff, and unless a preponderance of all of the evidence in this case shows either one or the other of these two states of fact existing at the time of the examination or prior to that time then you should return a verdict finding the defendant not guilty as to the fourth count of the plaintiff's declaration."

The court gave this instruction as modified, the modification consisting of the italicized words "or by reasonable diligence could have known." The instruction as thus modified by the court and given to the jury was erroneous, and could not have been otherwise than prejudicial to appellant.

In Kellyville Coal Co. v. Strine, 217 Ill. 516, certain language was used which was quoted with apparent approval in Mertens v. Southern Coal Co., 235 Ill. 540, as follows: "If the jury believed from the evidence, that appellee would not have been injured but for the negligence of appellant in failing to make the examination and in failing to indicate danger by a mark then they were justified in finding that appellee's injuries were occasioned by the wilful negligence of the appellant within the meaning of the statute."

In Peebles v. O'Gara Coal Co., 239 Ill. 370, it was said: "Manifestly, the operators of mines are liable, under this provision of the statute, not only when the dangerous conditions have been discovered by them, but also if, by the exercise of the care required by the provisions of the act, they could have discovered the existence of such conditions."

In Aetitus v. Spring Valley Coal Co., 246 Ill. 32, it was said: "It has been repeatedly held by this court that it is the duty of the owner or operator of a mine to have his mine examined and if it is in a dangerous condition to have the dangerous places designated by the statutory mark, and if he fails in either particular, with knowledge of its dangerous condition, or with knowledge of facts from which he ought to know of its dangerous condition, he is liable to a person in the mine under his employ who is injured as a result of his wilful failure to obey the mandates of the statute."

Whatever of confusion may have resulted among the bar

and the courts from an apparent failure to discriminate between negligence and wilful act or failure, as applied to the provisions of the Mines and Miners Act, induced by a perhaps too liberal construction and application of the language employed in the cases cited, appears to have been adjusted and set at rest in Cook v. Big Muddy Mining Co., 249 Ill. 41, where it is held that the action given by the statute relating to mines and miners is for a wilful violation of its provisions and requires more than mere negligence; that in obedience to the Constitution the General Assembly had performed the duty of specifying certain things which must be done to secure safety in mines, and had fixed a liability for a wilful failure to do them, but it had not created or declared the liability of a mine operator for mere negligence unmixed with any intention, either proved or properly inferred from the facts, not to do the thing required. In the case last cited an instruction which embodied substantially the same language employed by the court in the case at bar in modifying the twelfth instruction tendered by plaintiff in error was held to be erroneous, in that it removed all distinctions between negligence and wilfulness, contrary to the plain language of the statute. The fourteenth instruction tendered by plaintiff in error and refused by the court states a correct rule of law and should have been given to the jury. The fifteenth instruction offered by plaintiff in error singles out a particular item of evidence and was not improperly refused.

For the error in the modification of the twelfth instruction given at the request of plaintiff in error the judgment must be reversed and the cause remanded.

*Reversed and remanded.*