## Lucy Jones, Administratrix, Appellee, v. Crescent Coal Company, Appellant.

## Gen. No. 6,122.

1. MINES AND MINERALS, § 149*—*when failure to comply with statutory regulation implied to be wilful.* Failure of a coal mine operator to comply with the provisions of the Mines Act (J. & A. ¶¶ 7533-7575), requiring the sprinkling or spraying of roadways, will be implied to be wilful.

2. MINES AND MINERALS, § 176*—*when evidence sufficient to support finding that explosion due to failure to sprinkle roadway.* In an action against a coal mine operator to recover for the death of a shot firer alleged to have been caused by an explosion resulting from a failure of defendant to sprinkle the roadways of its mine in accordance with the requirements of the Mines Act (J. & A. ¶¶ 7533-7575), evidence examined and *held* to support a verdict for plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. MINES AND MINERALS, § 125*—*when contributory negligence not a defense.* In an action against a coal mine operator to recover for the death of a shot firer in a mine alleged to have been caused by an explosion resulting from the failure of defendant to sprinkle the roadway of its mine in the manner required by the Mines Act (J. & A. ¶¶ 7533-7575), contributory negligence is not a defense.

4. MINES AND MINERALS, § 41*—*when provisions of statute applicable to shot fires.* The provisions of the Mines Act (J. & A. ¶¶ 7533-7575), are to be construed as being for the protection of shot firers in mines.

5. EVIDENCE, § 232*—*when verdict of coroner's jury admissible.* In an action to recover for the death of a shot firer in a mine alleged to have been caused by an explosion, the verdict of a coroner's jury that the death of deceased was caused by asphyxiation from gases generated by an explosion caused by a blast is admissible, although coming from the files in the coroner's office and not from the circuit clerk's office.

6. MINES AND MINERALS, § 152*—*when expert testimony inadmissible.* Testimony of an expert, in an action to recover for the death of a shot firer, as to other explosions in the mine and his theory as to what caused them and what effect followed them, properly excluded.

7. APPEAL AND ERROR, § 1561*—*when refusal to give instruction not ground for reversal.* A refusal to give instructions on principles of law covered in instructions already given is not ground for reversal.

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915. Rehearing denied December 8, 1915.

QUINN & QUINN and WEIL & BARTLEY, for appellant.

J. L. MURPHY, for appellee, SUCHER & MOORE, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On January 15, 1913, Edward P. Jones, Junior, and a man named Benn were working for the Crescent Coal Company in its coal mine as shot firers, when an explo-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sion occurred by which they were killed. Jones left a widow, and this suit was brought by the administratrix of his estate for her benefit, under section 29c of the Act concerning Mines and Miners (J. & A. ¶ 7503). The cause was tried upon a declaration and a plea of not guilty. Plaintiff had a verdict and judgment for $2,800, from which defendant below appeals.

The verdict and the judgment rest on the fourth count of the declaration. Besides many allegations showing that appellant was operating this coal mine and that Jones was a shot firer therein in the second south entry, that count averred that said entry and other entries connected with and near it were so dry that the air had become charged with dust and had been in that condition for a long time prior to said date; that appellant wilfully neglected to have said passageways and entries regularly and thoroughly sprayed, sprinkled and cleaned, as required by statute, and that by reason of such wilful neglect and while Jones was firing shots for appellant near said entry, said dry air charged with dust caught fire and exploded with great force, because appellant had wilfully neglected to have such roadways or entries regularly and thoroughly sprayed, sprinkled and cleaned, and that by reason of such explosion Jones was killed. There are two provisions of the statute on this subject. Section 14m (J. & A. ¶ 7488) is as follows: ''In case the passageways, roadways or entries of any mine are so dry that the air becomes charged with dust the operator of such mine must have such roadways regularly and thoroughly sprayed, sprinkled or cleaned.'' The fifteenth clause of section 20a (J. & A. ¶ 7494) prescribes the following among the duties of the mine manager: ''He shall see that all dusty haulage roads are thoroughly sprinkled at regular intervals designated by the mine inspector.'' Jones was firing shots in rooms off the second south entry, and Benn in rooms off the first south entry. After the explosion the body

of Jones was found in the second south entry near
room 6 and the body of Benn in the first south entry
near room 3. Room 1 in each entry was furthest north.
The air was moving in the entry from north to south.
That part of the mine had been operated for several
months and we are satisfied from the evidence that
these entries were very dusty. Appellant had never
sprinkled them or sprayed them until a few days before
this accident, and they had not been sprinkled or
sprayed at all for a day or two before the accident, and
were very dusty on the day of the accident and prior
to the explosion. If appellant failed to obey the stat-
utes above quoted, the law will imply that that failure
was wilful. This dust was partly coal dust and partly
arose from the drying up of the earth in the entry.
Appellant argues from the evidence that this was not
coal dust but earth dust and that, if this was a dust
explosion at all, only an explosion of coal dust would
render appellant liable; and also that this was not a
dust explosion and therefore appellant is not liable
under this fourth count and the statute. We are of
opinion that the jury were warranted in finding from
the evidence that if this explosion originated from
gas resulting from the firing of a shot, still that explo-
sion reached the entry and fired the dust in the air,
and that it reached and killed Jones because the air
in the roadway was charged with dust, and under such
circumstances appellant would be liable, as shown in
*Davis v. Illinois Collieries Co.*, 232 Ill. 284. Appellant
argues that Jones and Benn commenced at the wrong
place in that entry to fire the shots, and that the gas
from the first shot remained in the mine because they
had begun to fire at the wrong place, and that there-
fore they were guilty of negligence and that their negli-
gence caused the explosion and therefore appellee could
not recover. If the wilful failure of appellant to prop-
erly spray and sprinkle the entries caused the explo-
sion, then the contributory negligence of the deceased

is not a defense. *Peebles v. O'Gara Coal Co.*, 239 Ill. 370; *Hougland v. Avery Coal & Mining Co.*, 246 Ill. 609; *Brunnworth v. Karens-Donnewald Coal Co.*, 260 Ill. 202, and many cases cited in the latter opinion. It is held in *Davis v. Illinois Collieries Co.*, *supra,* and *Hougland v. Avery Coal & Mining Co.*, *supra,* that the fact that the deceased fired a shot prepared in an unskilful manner is not a defense. It is held in *Brennen v. Chicago & C. Coal Co.*, 241 Ill. 610, and *Hougland v. Avery Coal & Mining Co.*, *supra,* that shot firers are within the protection of this statute. We are therefore of the opinion that the jury were warranted by the evidence in finding a verdict for the plaintiff.

It is urged that the court erred in admitting in evidence the verdict of the coroner's jury, which found that the deceased came to his death at the mine of appellant by asphyxiation from gases generated from an explosion of accumulated coal dust near room 1 in the second south entry, caused by a blast or blasts discharged in the process of mining coal. Section 14 of chapter 31 of the Revised Statutes (J. & A. ¶ 2405), relating to coroners, makes it the duty of the coroner's jury to inquire how, in what manner, and by whom or what, the said dead body came to its death, and of all other facts concerning the same, together with all material circumstances in any way related to or connected with the said death. Under the authorities, a verdict of a coroner's jury is admissible in evidence, which is confined to finding those facts concerning which the jury are directed to make inquiry. *U. S. Life Ins. Co. v. Vocke,* 129 Ill. 557. This verdict is confined to such an inquiry. It does not find that appellant wilfully or negligently or otherwise failed to spray or sprinkle or clean any passageways or entries in this mine. It is argued that said verdict was not competent because it did not come from the office of the circuit clerk, but had always been among the files in the coroner's office in the courthouse. The verdict of the

coroner's jury held to have been properly admitted in evidence in *Stollery v. Cicero & P. St. Ry. Co.*, 243 Ill. 290, was not shown to have been filed with the circuit clerk.

John Dunlap testified as an expert for appellant. He had witnessed an explosion of dust in June, 1914, and had witnessed another explosion about five years before, and he was asked various questions as to those explosions, to which the court sustained objections. The witness did not know what the condition of appellant's mine was just before the explosion which caused the death of Jones. There was no proof that the conditions were the same at the time of those other two explosions. Testimony as to those other explosions and the theory of the witness as to what caused them and what effect followed them would have introduced into the case immaterial issues. The objection to said questions was properly sustained. Appellant was permitted to put hypothetical questions to this witness and had his views on every material subject to which he was competent to testify. He was asked what in his opinion caused the explosion here in question and whether in his opinion it was a gas explosion or a dust explosion or a gas explosion augmented by a dust explosion. If these questions were material, then they asked for a decision upon the very question to be submitted to the jury, and were therefore incompetent. If they were immaterial, then it was not error to sustain objections to them. It is obvious from other evidence that a dust explosion could originate in the condition of the gas resulting from firing shots. He was asked to state this from his examination of the mine and from his experience, without asking him to detail what he learned from his examination of the mine. We are of opinion the court did not err in its rulings upon the testimony of this witness.

Complaint is made of instructions Nos. 6, 8, 9 and 11 given at the request of appellee. Their object was

to tell the jury that if the appellant wilfully violated the statute first above recited, and thereby caused the death of Jones, it would not be a defense that Jones or Benn had been negligent in the manner of firing the shots or that Jones had been negligent in any other respect which might have contributed to his death. They are supported by authorities above cited.

Appellant complains of the refusal of certain instructions marked "A," "B," "C," "D," "E," "F" and "G." The court gave eight instructions as requested by appellant, and modified and gave several other instructions requested by appellant, and appellant seems to have had all the principles of law stated to which it was entitled. None of the seven instructions, of the refusal of which complaint is made, are correct. Some omit necessary elements; some omit to submit whether the failure of appellant to sprinkle was wilful; others are formed so as to give the jury to understand that if the explosion originated in an explosion of gas, resulting from the firing of a shot, then appellee could not recover, omitting the consideration of the evidence tending to show that this explosion was communicated to the dust in the air in the roadway and would not have reached Jones if the roadway had been properly sprinkled, and ignoring the things suggested in *Davis v. Illinois Collieries Co., supra,* on page 290.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*

MR. JUSTICE NIEHAUS took no part.