## Paul Kiszkan, Plaintiff-Appellant, v. The Texas Company, a Corporation, Appellee.

**Gen. No. 48,063.**

First District, First Division.
October 24, 1960.

Chiappori & Chiappori, of Chicago, and DiGrazia & Snyder, of Summit (Sidney Z. Karasik, of counsel) for appellant.

Kirkland, Ellis, Hodson, Chaffetz, & Masters, of Chicago (David Jacker and William H. Symmes, of counsel) for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiff appeals from a summary judgment entered in a Scaffold Act case, in which recovery is sought from a title holder not in possession or control of the premises on which the alleged violation of the Scaffold Act occurred. (Ill. Rev. Stat. 1957, Ch. 48, §§ 60–69 inclusive.)

Plaintiff, Paul Kiszkan, was injured when he fell from a scaffold located on premises leased by defendant, Great Lakes Carbon Corporation, from co-defendant, The Texas Company. He was an employee of independent contractors, who had erected the scaffold for the use of their own employees in performance of a contract with Great Lakes to construct or repair a smokestack on the premises.

In support of its motion for summary judgment, The Texas Company filed an affidavit and a copy of a 5-year lease between it, as lessor, and its co-defendant, Great Lakes Carbon Corporation, as lessee. The lease, presumably valid, sets forth the exact boundaries of the premises, which are to be used by Great Lakes solely for the purpose of handling and shipping petroleum coke purchased from The Texas Company. The premises are not to be used for any other purpose, nor in any manner to interfere with the operations of The Texas Company on adjoining land. At its own expense, and without notice to anyone, Great Lakes may construct, install, maintain and repair im-

provements and facilities that may be required to carry out the purposes for which the premises are leased. Upon lease termination, Great Lakes is required to remove its improvements and facilities and to restore the property to the same condition as it was at the time of entry. Great Lakes is to pay all taxes and to indemnify The Texas Company from all loss or damage to Texas resulting from Great Lakes' operations on the premises. The affidavit further states that The Texas Company was not in charge of the work described, was not consulted about it, entered into no contract for it and had absolutely nothing to do with the work.

The summary judgment order finds that The Texas Company "is not the owner within the meaning of the Structural Work Act," and that the defendant lessee, Great Lakes Carbon Corporation, "is owner within the meaning of said Act." Therefore, the principal question is the application of the word "owner," as it is used in the Scaffold Act.

■ Plaintiff correctly contends that the statute imposes an independent, nondelegable duty of compliance upon an "owner," that cannot be "turned over" to another by contract. However, the cases supporting this contention (John Griffiths & Son Co. v. National Fireproofing Co., 310 Ill. 331, 335, 141 N. E. 739 (1923); Kennerly v. Shell Oil Co., 13 Ill.2d 431, 435, 150 N.E.2d 134 (1958)) make no determination of the statutory meaning of the word "owner," as used in the Act. Defendant, The Texas Company, contends that "owner" was not meant to include or to apply to a lessor who by lease has divested itself of possession and control of the premises, and that when the tenant in possession and control has contracted for the performance of work, he is then the "owner" within the meaning and application of the Scaffold Act.

■ Authorities cited by both sides indicate that the word "owner," as used in statutes, has been given a variety of meanings, usually guided in some measure by the object sought to be accomplished. (30 Words and Phrases, 1960 Pocket Supp., pp. 174–192.) It is often used to designate persons in legal possession and control of premises. (Ignatowicz v. City of Pittsburgh, 375 Pa. 352, 100 A.2d 608; Cayce Land Co. v. Southern Ry. Co., 111 S. C. 115, 96 S. E. 725; Cohen v. Home Title Ins. Co., 2 N.Y.S.2d 245, 248.) When "owner" is used in a statute without modifying words indicating qualified or absolute ownership, "regard must be had for the purposes of the Act, the object that it seeks to accomplish as well as all the surrounding circumstances." When applied to real estate, it is not confined to the holder of a fee simple title, and unless there is something in the Act to the contrary, the legislature will be understood as intending application of the word in the sense used. Woodward Governor Co. v. City of Loves Park, 335 Ill. App. 528, 538, 82 N.E.2d 387 (1948).

■ ■ Judicial construction of the Scaffold Act has determined that its object is to prevent injuries to persons employed in structural work, and it is directed at placing the responsibility for reducing the hazards of structural work to the fullest extent where it properly belongs, on contractors and on those who hire or employ the contractors. "It has been regarded from the outset as intended to fix an independent, nondelegable duty of compliance upon the owner of the property and upon each contractor and subcontractor engaged in the work. . . . The duty of each is independent of the duty of the other, and neither can escape his statutory liability by pointing to the other's breach of duty." Kennerly v. Shell Oil Co., 13 Ill.2d 431, 435, 436.

■■ It is our opinion that the word "owner" was intended to mean the person in possession or control of the premises, who hires or employs the contractor or the one responsible for the performance of the work, and the word "owner" was not intended to mean a title holder out of possession. This interpretation is buttressed by the facts in Kennerly v. Shell Oil Co., 13 Ill.2d 431, 439, 150 N.E.2d 134; Schultz v. Henry Ericsson Co., 264 Ill. 156, 166, 106 N. E. 236 (1914); Peebles v. O'Gara Coal Co., 239 Ill. 370, 374, 88 N. E. 166 (1909). In each of these cases, the "owner" who hired the work done was in possession and control of the premises and had employed contractors for the work which required scaffolding, and, when speaking of the "owner," the statement is either made or affirmed, "the employer is liable not only when the dangerous conditions are known to him, but also when by the exercise of reasonable care the existence of such dangerous conditions could have been discovered and become known to him."

This construction places the responsibility where it properly belongs, upon the person in possession and occupancy of the premises, who has the immediate dominion and control over it, and whose business and use of the premises required the erection of the scaffold. This view meets all the requirements of the Act. Had the legislature intended to include the "owner" in fee in addition to the "owner" in possession and control of the premises, it was easy to have said so.

For the reasons given, the judgment of the trial court is affirmed.

Affirmed.

KILEY, P. J. and BURMAN, J., concur.